THE PEOPLE ex rel. WILLIAM D. BURBANK et al., Appellants, *v.* JAMES R. ROBINSON, COUNTY TREASURER, Respondent.

Under the provision of the act of 1864 relating to public instruction (tit. 7, § 75, chap. 555, Laws of 1864), which requires the treasurer of a county to pay to the trustees of a school district, out of any moneys in the county treasury raised for contingent expenses, the amount of taxes upon lands of non-residents returned by said trustees as unpaid, the authority of the county treasurer is limited to the particular fund specified; and if no such fund has been raised, or if it has been exhausted, he has no authority, and consequently no duty is imposed upon him to pay.

The trustees of a school district in R. county made return to the county treasurer (defendant's predecessor in the office) of such unpaid taxes; they were never presented or reported to the board of supervisors, and no tax was levied specifically to pay them. The claim was presented by the trustees to defendant, and payment demanded; there was no contingent 'fund in his hands at that time, and he declined to pay on that ground. Subsequently, moneys belonging to this fund came to his hands, but they were paid out on supervisors warrants. *Held*, that the trustees were not entitled to a mandamus to compel the payment; that the

claim had no preference over other claims payable out of the same fund; and that no duty was imposed on the county treasurer to pay claims, presented before moneys were received by him applicable to their payment, in the order of their presentation.

(Argued February 17, 1879; decided March 18, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, affirming a judgment in favor of defendant, entered upon a decision of the court at Special Term. (Mem. of decision below, 14 Hun, 226.)

The nature of the proceedings and the facts are set forth sufficiently in the opinion.

*George P. Avery*, for appellants. The board of supervisors had power to provide a contingent fund for the payment of these unpaid non-resident taxes. (1 R. S., § 4, pp. 339–340; Laws 1864, chap. 555, tit. 7, § 77.)

*Theodore C. Vermilye*, for respondent.

ANDREWS, J. This proceeding was instituted by the relators, trustees of school district No 1 in the town of Middletown, Richmond county, against the defendant as county treasurer of that county, to obtain a mandamus compelling him to pay to the relators the sum of $1,388.52, for uncollected school taxes levied and assessed on lands of non-residents of that district, in the years 1874, 1875 and 1876. An alternative writ was granted, to which return was made and issue joined. The court found that the trustees of the district made returns for those years to the then county treasurer; that in March, 1877, the relators presented the claim therefor to defendant, and demanded payment; that at the time defendant had no moneys in his hands belonging to the contingent fund, but that afterwards money belonging to their fund came to his hands, and was paid out on supervisors' warrants, and that the returns were never presented to the board of supervisors.

The mode of levying and collecting school district taxes is prescribed by chapter 555 of the Laws of 1864. They are to be apportioned by the trustees on the taxable inhabitants of the district, and upon corporations holding property therein, and upon all unoccupied real estate owned by non-residents, under certain limitations not necessary to be mentioned. (Title 7, art. 7, § 66.) The trustees, in making the tax list, are to insert therein a description of the unoccupied lands of non-residents, in the same manner as is required by law from town assessors in making the assessment rolls of their towns, together with the valuation of each lot, piece or parcel. (§ 74.) The district collector, to whom the tax list is delivered, is required to return to the trustees, at the time he is required by law to return his warrant, an account under oath of the taxes assessed upon lands of non-residents remaining unpaid, with a description of the lots or pieces of land upon which the taxes were unpaid, as the same were stated in the tax list (§ 75) ; and upon receiving such account, the trustees are to compare it with the original tax list, and if they find it to be a true transcript, they are to certify the account, and "immediately transmit the account, affidavit and certificate to the treasurer of the county." (§ 76.) The seventy-seventh section prescribes the duty of the treasurer, and is as follows : "§ 77. Out of any moneys in the county treasury, raised for contingent expenses, the treasurer shall pay to the trustees the amount of the taxes so returned as unpaid." The duty imposed by this section upon the treasurer is qualified and conditional. His authority and duty are limited. His authority is to pay the claims mentioned out of a particular fund; viz., moneys in the treasury raised for contingent expenses, and if no such fund has been raised, or if it has been exhausted, there is no authority, and consequently, no duty to pay them. Express power is vested in boards of supervisors to raise money by tax to defray contingent expenses of counties, and they may do this in advance. (1 R. S., 386, § 3, subd. 15, § 5.) The language in the statute of 1864 was used doubtless

in view of this provision of the Revised Statutes, and the moneys referred to in the seventy-seventh section were those which might be raised under the power conferred by the general law. The taxes, which the relators seek by this proceeding to compel the defendant to pay, were returned to the county treasurer of Richmond county during the term of the predecessor in office of the defendant. They were never presented or reported to the board of supervisors, and no tax was levied specifically to pay them. In 1877, after the defendant became treasurer, the claim in question was presented to him by the trustees of the district, and payment demanded, and the defendant declined payment, on the ground that there was no fund in his hands as treasurer raised for the payment of contingent expenses of the county; and this, as the court finds, was true.

Under these circumstances, the relators were not entitled to a mandamus. The defendant has never refused to pay their claim, except for want of funds, nor has it been presented for payment at a time when there was money in the treasury applicable to its payment. It had no preference over other claims payable out of the same fund, and we know of no rule of law or statute which imposes upon the treasurer the duty to pay claims presented before moneys have been received by him, in the order of their presentation.

We think the judgment in this case must be affirmed. It does not present the important question which arises under the statute of 1864, as to the power and duty of the supervisors in respect to levying taxes for the payment of claims like the one in question.

The judgment must be affirmed.

All concur.

Judgment affirmed.