In the Matter of the Application of THE BUFFALO MUTUAL GAS LIGHT COMPANY, Respondent, for an Order Directing THE BOARD OF SUPERVISORS OF ERIE COUNTY, Appellant, to Correct the Assessment Roll of the Third Ward in the City of Buffalo for 1893.

A county judge has no authority or control over the action of assessors or other officers or bodies empowered to make assessments and to levy and impose taxes, save such as is expressly given by statute.

Under the provision of the " County Act " (§ 16, chap. 686, Laws of 1892), giving to a board of supervisors power to correct " any manifest clerical error in any assessment " coming before it for review, " and to cause to be refunded to any person the amount collected from him of any tax illegally or improperly assessed or levied," and providing that " upon the order of the County Court it shall refund any such tax," the only power given to that court is to direct the refunding of an illegal tax that has. been paid; this does not carry with it by implication the power to cancel a tax before payment or to restrain its collection.

Accordingly *held*, that an order of a county judge was void which directed the board of supervisors of the county to cancel a tax illegally imposed upon a corporation by the action of the board in extending a tax for state purposes, upon the assessments for which the corporation was not liable, and restrained the collection of such tax.

*It seems*, that as no application was made to said board for a correction of the error, and as no correction was made by it while in session, its power over the matter was ended, and could not be called into action again until payment of the tax; and that until an application to have it refunded has been made to the board, the County Court has no authority to make any order on the subject.

(Argued December 10, 1894; decided December 18, 1894.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, made October 17, 1894, which affirmed an order of the County Court of Erie county, the nature of which, and the facts, so far as material, are set forth in the opinion.

*Charles F. Tabor* for appellant. In the absence of a statute expressly authorizing the same, even the Supreme Court would have no power by motion to make the order granted in this proceeding. (*Heywood* v. *City of Buffalo,* 14 N. Y. 534; *W. R. R. Co.* v. *Nolan,* 48 id. 519; *M. B. L. Ins. Co.* v. *Bd. of Suprs.,* 3 Keyes, 182; *D. & H. C. Co.* v. *Atkins,* 121 N. Y. 249; *Thomas* v. *M. P. Union,* Id. 52; *People* v. *W. S. Bank,* 39 Hun, 528.) But the County Court is one of special and limited jurisdiction. (*Frees* v. *Ford,* 6 N. Y. 176; *Avery* v. *Willis,* 24 Hun, 548; *Kundolf* v. *Thalmier,* 12 N. Y. 593; *Buckhout* v. *Rail,* 28 Hun, 484; *Williams* v. *Corey,* 46 id. 408; *Parr* v. *Parr,* 121 N. Y. 678; *Thomas* v. *Harmon,* 122 id. 88; *Gilbert* v. *York,* 111 id. 548.) The County Court had no power to make the order herein. (*In re D. & H. C. Co.,* 129 N. Y. 112; *In re Miller,* 110 id. 222; *Engle* v. *Fisher,* 102 id. 403.) In any event it is not to be inferred, in the absence of express direction to that effect, that the legislature intended to confer upon a County Court the equitable power, by order, to compel the cancellation of a tax after the roll has left the hands of the supervisors; a power which the Supreme Court has never possessed. (*People* v. *Queens Co.,* 82 N. Y. 277; *De Hart* v. *Hatch,* 3 Hun, 381; *Gracie* v. *Freeland,* 1 N. Y. 232; *Wheaton* v. *Gates,* 18 id. 406; *Alexander* v. *Bennett,* 60 id. 204.) If the tax was illegal, null and void, the petitioner could have paid the same and then have compelled the refunding of it under the statute of 1892, or by an action against the individual supervisors of the board and the county treasurer it could in that way have obtained complete redress. (*D. & H. C. Co.* v. *Atkins,* 121 N. Y. 250; *People* v. *Queens Co.,* 82 id. 277.) What is claimed here by the appellant is that the power given to the County Court to compel the refunding of a tax does not include the alleged incidental power to cancel a tax before collection or payment. There is no necessary connection whatever between the two things, and the latter power cannot be inferred from the former. (*Gregory* v. *Mayor, etc.,* 113 N. Y. 416; *City of Rochester* v. *Campbell,*

123 id. 414.)   An examination of the statute of 1892 will dis-
close the fact that it is not clear, by any means, that the board
of supervisors had any power to make the separation of the
local from the state tax, or strike the same from the roll.
(*People* v. *Tompkins*, 40 Hun, 232; *Mygatt* v. *Washburn*,
15 N. Y. 321.)

*Ansley Wilcox* for respondent.   The County Court had
authority to make the order appealed from.   (Laws of 1892,
chap. 686, § 16; 77 N. Y. 342; 78 id. 561; *People* v. *Bd.
Suprs.*, 82 id. 275; *People* v. *Bd. Suprs.*, 34 Hun, 266; 38
id. 7; 40 id. 228; *D. & H. C. Co.* v. *Atkins*, 48 id. 456;
121 N. Y. 246; *M. B. L. A. Co.* v. *Suprs.*, 3 Abb. Ct. App.
Dec. 344; *In re Douglass*, 48 Hun, 318.)

O'Brien, J.   The county judge of the county of Erie made
an order in this proceeding on the 14th of April, 1894, direct-
ing the board of supervisors of that county to cancel a tax for
the year 1893, levied by them at their regular session for that
year, against the petitioner, The Buffalo Mutual Gas Light
Company, and restraining the officer empowered to collect the
taxes in that county from collecting this tax.   The order was
not made until after the board had completed its business and
finally adjourned.   The action of the county judge was based
upon the following facts, which are not disputed :   The prop-
erty of the company was assessed at $350,000, upon which the
board levied a tax, for state and local purposes, of $1,776.25,
but of this amount $903 was levied for state purposes.   The
company is one of the corporations which is taxable for state
purposes under chapter 361 of the Laws of 1881, and for the
year 1883 it paid that tax to the state, amounting to $1,500.
It is admitted that the company was exempt from any further
taxation for state purposes, but still remained liable to taxa-
tion for all other purposes.   Since the corporation was liable
to taxation for local purposes, the assessment was properly
made by the assessors and returned to the board, and the only
error committed was in extending a tax upon the assessment

for state purposes. ' This was the act of the board itself, which they could have corrected while in session, and probably would have done so had the company made application to them for that purpose. No such application was made, however, but application was first made after they had adjourned, and that to the county judge. While the order seeks to do nothing more than exact justice in this particular case, yet it cannot be sustained for the reason that there was no power to make it. The legislature has conferred power in some cases upon the courts and upon judicial officers to control or review the action of assessors and other local bodies empowered to make assessments and to levy and impose taxes, but this power has always been cautiously granted and carefully guarded. Any general or extensive power of that kind, or even to permit those bodies or officers themselves to change their decisions or their official action after their work had once been completed, would obviously be productive of great confusion and mischief. The county judge in this case had no general common-law or equity power over the subject, and no such power is claimed. He had no power whatever except that conferred by § 16 of chapter 686 of the Laws of 1892. This statute is a revision of statutes previously existing on the same subject, and which had frequently been amended and changed by the legislature. (Laws of 1869, ch. 855, § 5; Laws of 1871, ch. 695; Laws of 1884, ch. 141; Laws of 1885, ch. 326.) The meaning and application of these several acts has been, from time to time, the subject of much contention in the courts, and the decisions are not entirely harmonious. (*People ex rel.* v. *Supervisors of Ulster Co.*, 65 N. Y. 300; *Matter of Hermance*, 71 id. 484; *Matter of the Catholic Protectory*, 77 id. 342; *Williams* v. *Supervisors of Wayne Co.*, 78 id. 561.)

The present statute of 1892, above referred to, reads as follows :

" Any such board may correct any manifest clerical or other error in any assessment or returns made by any one or more town officers to such board, or which may or shall properly come before such board for its action, confirmation or review,

and cause to be refunded to any person the amount collected from him of any tax illegally or improperly assessed or levied and upon the order of the county court it shall refund any such tax.

When this enactment is read in connection with the previous statutes and the decisions referred to, its true meaning and application is not difficult to ascertain.

· 1. It conferred power upon boards of supervisors, while in session, to correct any manifest clerical or other errors in the assessment rolls. But they were given no power over jurisdictional or other legal questions arising upon the work of the assessors. They could correct only such errors as were manifest from an inspection of the rolls themselves, without argument or evidence. In this case there was no error apparent in the work of the assessors, and, hence, that part of the section did not apply.

2. But they were also empowered to correct like errors which appeared in their own work in levying or extending the taxes upon the rolls, since it must have come before them for their action or review before signing the warrants for the collection of the taxes in the several towns and wards. This would have authorized the board to cancel the tax in question, and had they refused to do so, the company would have had a remedy by mandamus to compel a performance of a plain duty, or if not then, doubtless, some other appropriate legal remedy.

3. A still more extensive power is also conferred, as the board may cause to be refunded to any person the amount collected from him of any illegal tax levied upon his property. This was an illegal tax, so far as it was levied for state purposes, but the power to direct it to be refunded does not come into action until it has been paid. The power to refund taxes illegally or improperly assessed must necessarily carry with it power to inquire into the grounds upon which it is claimed they are illegal, and to determine for themselves whether they are illegal or not, at least in the first instance, so that it will be seen that thus far no power whatever has been conferred upon

the county judge.    The board is to act for itself according to its own rules of procedure.

4. But the legislature anticipated the possibility that the board might neglect or refuse to refund an illegal tax to the person who had paid it.    In such cases the board is required by the statute to cause it to be refunded upon the order of the county judge, and this is the only power which the statute has conferred upon that officer.    It is quite clear that he had no power to make the order in question.    The power to refund a tax once paid conferred by statute upon a board or officer of special and limited jurisdiction, does not carry with it by implication the power to cancel the tax before payment or to restrain its collection.    Such a construction in matters concerning the imposition, correction and payment of taxes, however convenient or just it might be in this case, would be dangerous, and might be productive of mischief if sanctioned as a general principle, and, moreover, would be very difficult to defend in any case.

The board could have corrected the error before signing the warrant for the collection of the tax; but not having done so, and not having been requested to do so, the power of the board over the matter ended and cannot be called into action again until the tax is paid, and not until an application for the purpose of having it refunded has been made to them, can the county judge make any order on the subject.

The order of the General Term, and that of the county judge, must be reversed, with costs in all courts.

All concur.

Ordered accordingly.