DUNMORE, J.
This application is made under section 16, chap. 686, of the Laws of 1892, which provides as follows:
“Any such board may correct any manifest clerical or other error in .any assessment or returns made by any one or more town officers to such board, or which may or shall have properly come before such board for its action, confirmation or review; and cause to be refunded to any person the amount collected from hiiii of "any.tax.illegally or improperly assessed or levied,and upon .the order of. the county court it shall refund any such tax.”
*545 The above is a revision of statutes previously existing, and has been upon the statute books, in substantially the same form for more than 25 years. Its construction and application have been the subject of much contention in the courts, and the decisions are not entirely harmonious. People v. Superivsors of Ulster Co., 65 N. Y. 300; Hermance v. Supervisors, 71 id. 484; In re New York Catholic Protectory, 77 id. 342; Williams v. Supervisors, 78 id. 561; In re Buffalo Mut. Gaslight Co., 144 id. 228; 63 St. Rep. 98. The case last cited clearly defines the powers of the board of supervisors, and also that of the county court, under the section of the statute referred to. On page 233, 144 N. Y., and 63 St. Rep. 98, the rule is stated as follows:
“(4) But the legislature anticipated the possibility that the board might neglect or refuse to refund an illegal tax, to the person who had paid it. In such cases the board is required, by the statute, to cause it to be refunded upon the order of the county judge, and this is the only power which the statute has conferred upon that officer. * * * The board could have corrected the error before signing the warrant for the collection of the tax, but not having done so, and not having been requested to do so, the power of the board over the matter ended, and cannot be called into action again until the tax is paid; and not until an application for the purpose of having it refunded has been made to them can the county judge make any order on the subject.”
That decision is clearly fatal to the application here, for the reason that no application has been made to the board of supervisors of Oneida county to refund, or cause to be refunded, the tax in question. Until such application is made, this court has no jurisdiction in the premises. The default of the board of supervisors should be opened, on payment of $10 costs, to be offset against costs of said board against petitioner.
The application must therefore be' denied, with costs.
Ordered accordingly.