(101 App. Div. 116)

ARMSTRONG v. NASSAU COUNTY et al.

(Supreme Court, Appellate Division, Second Department. January 27, 1905.)

1. TAXATION—SALE FOR TAXES—TITLE OF PURCHASER.

The title of a county to land bid in by it at a sale for taxes is not perfected before service of a notice of redemption and execution of a deed, and until that time the land should be assessed to the person in whose name the title stands.

2. SAME—PURCHASE BY COUNTY—EXPENSES OF SALE.

Under Tax Law (Laws 1896, p. 847, c. 908) art. 8; § 150 et seq., where the land offered for sale for delinquent taxes is bid in by the county because of failure of other bidders, the county is required, the same as an individual, to pay a proportionate share of the expenses of the sale, including the expense of publishing the notice of sale and notice of redemption, and should charge such expenses back pro rata on the land sold.

Submission of controversy, without action, on facts admitted pursuant to the provisions of Code Civ. Proc. tit. 2, c. 11, art. 2, between Joseph D. Armstrong, as plaintiff, and the county of Nassau, William H. Jones, as supervisor of the town of Oyster Bay, Edwin C. Willets, as supervisor of the town of North Hempstead, and Girdell V. Brower, as supervisor of the town of Hempstead, composing the board of su-

pervisors of the county of Nassau, as defendants.   Judgment for plaintiff.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Eugene W. Denton, for plaintiff.

Halstead Scudder, for defendants.

RICH, J.   It appears from the admitted facts herein that the county of Nassau, at a regularly advertised sale of real property for unpaid taxes, held in December, 1902, bought in 6,500 lots or parcels of land having an assessed valuation of $40,000; that title to this land has never been obtained by said county, and the taxes still remain unpaid, and as yet the land is unredeemed.   The following questions are presented by this submission:   First. Whether the county of Nassau has, through its board of supervisors, the power to exclude from the tax rolls upon which the tax levy for the year 1904 is made the unredeemed parcels of real property struck down to said county at said tax sale.   Second. Whether said county of Nassau has, through its board of supervisors, the power to exclude from the tax roll of the town of North Hempstead such of the unredeemed parcels of said real property struck down to said county at the 1902 sale as are situate within School District No. 1 of said town, and subject to the tax levy of 1904.   Third. Whether said county of Nassau has, through its board of supervisors, the power to pay out of the general or contingent funds of the county the expenses of publishing the notice of said tax sale and notice of redemption, and charge said expenses back pro rata on the real property sold at said sale.

The disposition of this controversy requires the determination, first, of whether the county of Nassau acquired title to the several parcels of land in question by virtue of their being bought in by, or struck off to, it for unpaid taxes at the sale held in 1902, or by any subsequent action on the part of its officers; and, second, whether any part of the expenses of said tax sale at which the land in question was sold, including the expenses of the publication of notice of such sale and notice of redemption, may lawfully be included in the tax budget of said county for the year 1904.   The ownership of this land by the county is based entirely upon, and limited to, whatever rights it acquired at the tax sale, at which, no bids being received therefor, the several parcels were bought in by said county pursuant to statutory requirement.   No deed has ever been executed conveying the land so sold to the county, and there is no evidence that any proper notice of redemption has been served, and it must therefore be assumed that the rights of owners and others interested in said lands have never been extinguished, and yet exist.   The county at the utmost, therefore, is only shown to have a tax title to said lands, which has not yet ripened into a fee.   Owners and persons interested still have the right to redeem, and at least until such time as the title to said lands is perfected and fully vested in the county by a proper deed, and all rights of redemption extinguished, the premises should be assessed.   Wells v. Johnston, 171 N. Y. 324, 63 N. E. 1095.   All property is taxable unless exempt by law, and it is not within the power of a board of supervisors to exclude property from an

assessment roll, or in any manner change such roll, except for an error manifest from its inspection without argument or evidence. Matter of Buffalo Mutual Gas Light Co., 144 N. Y. 228, 39 N. E. 86.

The plaintiff's contention on which the second question arises is, first, that the expenses of publishing the notice of sale is by section 150 of the tax law (Laws 1896, p. 847, c. 908) made a charge on the real property sold; and, second, that the notice of sale published contained matter not authorized by the statute, and that the expense of publishing such unauthorized matter is not chargeable to the county. Section 151 of article 8 of the tax law requires the county treasurer to publish notice of a contemplated sale of lands for unpaid taxes, and must be read in conjunction with sections 122, 125, 150, 151, 153, and 157 of the same statute. From these sections, read and construed together, the manifest intention of the statute is that, when the land offered for sale is bought by the county by reason of the failure of others to bid for it, the same payments are to be made by the county that would have been required of an individual. An individual is required to pay, as part of the unpaid tax, a proportionate share of the expenses of sale, including the expense of publishing the notice of sale. The statute does not specifically provide the form of the notice or its contents. Its provisions do not exclude such matter as the county treasurer published in his notice in this case. In the absence of specific directions, the contents of such a notice proper to be published rests largely in the discretion of the officer charged with the duty of its publication; and we are satisfied that the county treasurer did not in this case exceed his power, or go beyond the bounds of a proper discretion. In saying this we do not intend to pass on the propriety of the amount charged. It follows:

First. That the county of Nassau has, through its board of supervisors, no power to exclude from the tax rolls upon which the tax levy for the year 1904 is made the unredeemed parcels of real property struck down to said county at the tax sale of 1902.

Second. That the county of Nassau has, through its board of supervisors, no power to exclude from the tax rolls of the town of North Hempstead such of the unredeemed parcels of real property struck down to said county at the 1902 tax sale as are situated within School District No. 1 of said town and subject to the tax levy of 1904.

Third. That the county of Nassau has, through its board of supervisors, the power to pay out of the general or contingent funds of the county the expenses of publishing the said notice of tax sale and notice of redemption as in the submission set forth, and charge said expenses back pro rata on the real property sold under said sale.

Let judgment be entered accordingly.

Judgment for plaintiff on submission of controversy. All concur.