PEOPLE ex rel. CARMAN v. LEWIS, Treasurer.

(Supreme Court, Appellate Division, Second Department. March 10, 1905.)

1. DELINQUENT TAXES—SALE OF REAL ESTATE—DUTY OF TREASURER—MAN-
DAMUS.
    Under Tax Law (Laws 1896, pp. 847, 848, c. 908) §§ 150, 151, providing that, whenever a tax charged on real estate situated in the county shall remain unpaid for six months from the 1st day of February after it is levied, the county treasurer shall immediately proceed to sell such real estate, a county treasurer was subject to mandamus to compel him to sell real estate on which taxes for three successive years remained unpaid.

2. SAME—INJUNCTION.
    In a mandamus proceeding to compel a county treasurer to advertise and sell certain real estate for delinquent taxes, an injunction could not be granted, restraining the treasurer from including in such sale lands bid in by the county at a tax sale for one of the years for which the property sought to be sold was delinquent.

Appeal from Special Term, Nassau County.

Mandamus by the people, on the relation of Ezra Carman, against Charles F. Lewis, as treasurer of Nassau County. From an order directing the issuance of a peremptory writ, defendant appeals. Modified.

Argued before BARTLETT, WOODWARD, JENKS, RICH, and MILLER, JJ.

George B. Stoddart, for appellant.
George Wallace, for respondent.

MILLER, J. The order appealed from directs that a peremptory writ of mandamus issue, to compel the county treasurer of Nassau county to advertise and sell certain real estate situate in the said county, upon which taxes for the years 1901, 1902, and 1903 remain unpaid,

and restrains the county treasurer from including in said sale lands bid in by the county at the tax sale of 1902.

So far as the order directs a sale, it is proper.   Sections 150 and 151 of the tax law (Laws 1896, pp. 847, 848, c. 908) provide that whenever a tax charged on real estate situated in the county shall remain unpaid for six months from the 1st day of February, after the same is levied, the county treasurer shall immediately thereafter proceed, in the manner pointed out, to sell such real estate.   Undoubtedly the county treasurer has a reasonable time within which to act, and what is a reasonable time must be determined by the circumstances of each case.   But in respect to the taxes for the years in question, 25, 13, and 1 month respectively, had elapsed after the time fixed by the statute for the institution of proceedings to sell.   And while we cannot say that a delay of 1 month is unreasonable, no explanation is presented to excuse a delay of 13 and 25 months.

So far, however, as the order restrains the county treasurer from including in the sale the lands bid in by the county at the tax sale of 1902, it was improper.   Injunction is hardly appropriate to mandamus proceedings.   We held in Armstrong v. County of Nassau, 91 N. Y. Supp. 867, that the county had not yet obtained the fee to these lands, and that they were taxable.   If the tax title of the county should be converted into a fee, a question might be presented as to whether the lands were exempt from taxation, as held for a public use, within the meaning of subdivision 3 of section 4 of the tax law (Laws 1896, p. 797, c. 908); but that situation has not yet arisen.

The order should be modified by striking out the restraining clause, and, as modified, affirmed, without costs.   All concur.