THE PEOPLE OF THE STATE OF NEW YORK ex rel. EZRA CARMAN, Respondent, v. CHARLES F. LEWIS, as Treasurer of Nassau County, Appellant.

*Duty of a county treasurer to sell for unpaid taxes — when enforced by mandamus — what is an unreasonable delay — land purchased by the county but still subject to redemption should be sold.*

Under sections 150 and 151 of the Tax Law, which provide that whenever a tax charged upon real estate situated in the county shall remain unpaid for six months from the first day of February after the same is levied, the county treasurer shall immediately thereafter proceed to sell such real estate, the county treasurer has a reasonable time within which to act and the question as to what constitutes a reasonable time must be determined by the circumstances of each case.

An unexplained delay of thirteen or of twenty-five months is unreasonable. A delay of one month cannot, however, be said to be unreasonable.

A writ of mandamus will be issued to compel the county treasurer to perform the duty imposed upon him by statute if he neglects to do so within a reasonable time.

The county treasurer should not be restrained from including in a tax sale lands bid in by the county at a prior tax sale, where the county's title to the lands thus purchased has not become absolute.

APPEAL by the defendant, Charles F. Lewis, as treasurer of Nassau county, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Nassau on the 22d day of October, 1904, directing the issuance of a peremptory writ of mandamus.

*George B. Stoddart*, for the appellant.

*George Wallace*, for the respondent.

MILLER, J. :

The order appealed from directs that a peremptory writ of mandamus issue to compel the county treasurer of Nassau county to advertise and sell certain real estate situate in the said county upon which taxes for the years 1901, 1902 and 1903 remain unpaid, and restrains the county treasurer from including in said sale lands bid in by the county at the tax sale of 1902.

So far as the order directs a sale it is proper. Sections 150 and 151 of the Tax Law provide that whenever a tax charged on real estate situated in the county shall remain unpaid for six months from the first day of February, after the same is levied, the county treasurer shall immediately thereafter proceed in the manner pointed out to sell such real estate. Undoubtedly the county treasurer has a reasonable time within which to act, and what is a reasonable time must be determined by the circumstances of each case. But in respect to the taxes for the years in question, twenty-five, thirteen, and one month respectively had elapsed after the time fixed by the statute for the institution of proceedings to sell. And while we cannot say that a delay of one month is unreasonable, no explanation is presented to excuse a delay of thirteen and twenty-five months.

So far, however, as the order restrains the county treasurer from including in the sale the lands bid in by the county at the tax sale of 1902, it was improper. Injunction is hardly appropriate to mandamus proceedings. We held in *Armstrong* v. *County of Nassau* (101 App. Div. 116) that the county had not yet obtained the fee to these lands and that they were taxable. If the tax title of the county should be converted into a fee, a question might be presented as to whether the lands were exempt from taxation as held for a public use, within the meaning of subdivision 3 of section 4 of the Tax Law; but that situation has not yet arisen.

The order should be modified by striking out the restraining clause, and as modified affirmed, without costs.

BARTLETT, WOODWARD, JENKS and RICH, JJ., concurred.

Order modified in accordance with the opinion of MILLER, J., and as modified affirmed, without costs.