## ARMSTRONG v. FITCH et al.

(Supreme Court, Appellate Division, Third Department. May 6, 1908.)

1. TOWNS—ALLOWANCE OF CLAIMS—TAXPAYER'S ACTION.

Where a county board of supervisors acted without jurisdiction in auditing certain claims against a town and in levying and assessing a tax against the town property for the payment thereof, it was no defense to a taxpayer's action against the board to set aside the audit, and to restrain the levy of any tax to pay them, that the claims were lawful and proper claims against the town, and that they might be allowed in the proper forum.

2. SAME—LEGAL CLAIMS.

Claims against a town, however meritorious, are not legal within Taxpayer's Act, Laws 1892, p. 620, c. 301, authorizing a taxpayer's action to prevent any illegal official act on the part of any of the officers named therein or the payment of illegal claims, unless such claims have been determined to be legal by a forum empowered by law to make such determination.

3. SAME—DEFENSES—WANT OF JURISDICTION.

Want of jurisdiction by a board of supervisors to audit claims against a town and assess taxes for the payment thereof may be challenged in a

taxpayer's action brought to restrain such audit and levy as authorized by Laws 1892, p. 620, c. 301.

**4. SAME—DISALLOWANCE BY TOWN BOARD.**

Disallowance of claims against a town by the town board constituted a judicial determination by a tribunal of competent jurisdiction that such claims were illegal, which determination until reversed or annulled as provided by law was conclusive on every one, including the board of supervisors.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Towns, § 107.]

**5. SAME—REVIEW—STATUTES—APPLICATION.**

County Law, Laws 1892, p. 1748, c. 686, § 16, providing that the board of supervisors may correct any manifest clerical or other error in any assessment or returns made by any one or more town officers to such board, or which may or shall have properly come before such board for its action, confirmation, or review, applies only to the correction of clerical mistakes, or the performance of ministerial duties, and does not authorize the board to review the action of town officers in respect to the merits or legality of claims against the town.

Appeal from Trial Term, Clinton County.

Action by Emmett Armstrong against Wilmer H. Fitch and others, comprising the board of supervisors of Clinton county, impleaded with others. Judgment for plaintiff, and defendant Fitch and others appeal. Affirmed.

See 99 N. Y. Supp. 471, 113 App. Div. 317.

The plaintiff, a taxpayer of the town of Mooers, in said county of Clinton, has recovered a judgment vacating certain audits made by said board of supervisors against said town of Mooers and restraining said board of supervisors from levying and assessing said claims against said town.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

W. H. Dunn, for appellants.

David H. Agnew (R. Corbin, of counsel), for respondent.

COCHRANE, J. It is admitted that the claims in question are such as are subject to the jurisdiction of the town board of auditors. Some of them prior to the action of the board of supervisors had been disallowed by said town board either in whole or in part. The others had not been presented to the town board.

It is urged by the appellants that the claims are lawful and proper charges against the town, and that the taxpayers are not therefore damnified by the action of the board of supervisors. It is sufficient to say in answer to this argument that the action of the board of supervisors was without jurisdiction, and the court will not consider whether or not in a proper forum such claims should be allowed. The supervisors without any authority of law attempted to fasten certain taxes on the town, and such unauthorized action constituted unlawful taxation and an illegal expenditure of public funds. Claims, however meritorious, are not legal within the meaning of the taxpayer's act (chapter 301, p. 620, Laws 1892), unless so determined by a forum empowered by law to make such determination. That act by its terms may be invoked "to prevent any illegal official act on the part of any

such officer." The case differs materially from those cited by appellants where the wrongful official acts did not involve any public expenditure. That the want of jurisdiction may be challenged in an action of this kind was decided in the case of Osterhoudt v. Rigney, 98 N. Y. 222. As to such of the claims as had been disallowed by the town board, it may further be said that such action of the town board constituted a judicial determination by a tribunal of competent jurisdiction that such claims were illegal, which determination, until reversed or annulled as provided by law, is conclusive on every one, including the board of supervisors.

As to such rejected claims, however, the appellants claim the right of review under section 16 of the county law (chapter 686, p. 1748, Laws 1892), which provides that the board of supervisors "may correct any manifest clerical or other error in any assessment or returns made by any one or more town officers to such board or which may or shall have properly come before such board for its action, confirmation or review." It has been held that this statute conferred upon boards of supervisors no power to review the action of town officers in respect to the merits or legality of the questions before them, but only to make clerical corrections and perform ministerial duties in reference thereto. Matter of Buffalo Mutual Gaslight Company, 144 N. Y. 228, 39 N. E. 86; Hermance v. Supervisors, 71 N. Y. 481.

The judgment should be affirmed, with costs. All concur.