Common School District No. 3, Town of Southport, Chemung County, Plaintiff, *v.* The County of Chemung and Others, Defendants.

Supreme Court, Trial and Special Term, Chemung County, September 17, 1936.

*Cheney & Costello,* for the plaintiff.

*Richard S. Heller,* for the defendants.

PERSONIUS, J.   In May, 1933, the plaintiff regularly determined its budget for the 1933–1934 school year, levied its tax, and about October 19, 1933, delivered the warrant to the collector.   In April, 1934, the district trustees made return to the county treasurer of the unpaid taxes.   Pursuant to section 435 of the Education Law, the county treasurer paid said school district $8,420.56 of the taxes so returned.   He failed to pay a balance of $2,152.90, which plaintiff here seeks to recover.   It represents taxes on properties bid in by the county at its tax sales in October of 1934, 1933 and 1932 and prior thereto, and not redeemed.

The defendants say the plaintiff had no right to assess these properties as they had been excluded from the town tax roll pursuant to subdivision 2 of section 50 of the Tax Law.   The plaintiff says the properties were legally assessed under section 411 of the Education Law.

It is troublesome, to say the least, to reconcile these and related sections of the Education and Tax Laws.   They might well be clarified by the Legislature.

Clearly, the county treasurer cannot be compelled to make the payment.   No money was raised by the supervisors for contingent expenses, nor for the purpose of paying this item, and " if no such fund has been raised, or if it has been exhausted, there is no authority, and consequently, no duty to pay them."   (*People ex rel. Burbank* v. *Robinson,* 76 N. Y. 422, 424.)   Can the board of supervisors be compelled to raise and pay the item?

The question seems to narrow down to this: May a school district assess and levy a tax upon real property which has been bid in by the county on a tax sale and excluded from the town tax roll under subdivision 2 of section 50 of the Tax Law?

By section 411 of the Education Law, " School district taxes shall be apportioned by the trustees upon *all* real estate within the boundaries of the district which shall not be by law exempt from taxation." (Italics ours.) The only property of a municipal corporation which is exempt from taxation is that " held for a public use." (Tax Law, §§ 3, 4.) Property bid in by a county on a tax sale is not so held by it. (*Village of Watkins Glen* v. *Hager*, 140 Misc. 816; affd., 234 App. Div. 904.) The very able consideration of the question there given makes further discussion unnecessary. The plaintiff, therefore, insists that its levy upon property bid in by the county was proper.

But the defendants say that subdivision 2 of section 50 of the Tax Law precludes the assessment of such property by a school district. That section provides in part: " The board of supervisors * * * shall when examining the assessment-rolls of the several *tax districts* of the county * * * exclude from the tax rolls of said districts * * * such parcels of real property as have been struck down to the county at a tax sale and not redeemed." (Italics ours.) They may be excluded if " struck down," whether or not deeded, and if " not redeemed," whether or not still redeemable. But " tax districts " as here used means cities and towns. (Tax Law, § 2.) School districts are not included. Their trustees in the first instance ascertain valuations from the last town assessment roll. As to properties to be assessed, however, they may apparently revise the town roll when an omission on the part of the town assessors has been made. (Education Law, § 413, subd. 3.)

Subdivision 2 of section 50 of the Tax Law was first enacted, with *limited* application, by chapter 447 of the Laws of 1905, and so continued in chapter 801 of the Laws of 1911. It was enacted in its present form, with *unlimited* application, by chapter 397 of the Laws of 1914. In *Wells* v. *Johnson* (171 N. Y. 324 [1902]) it appeared that lands were sold to the State for taxes in 1877, and a deed given in 1881, and recorded io 1882. From 1878 to 1880, inclusive, the lands were assessed, apparently to the original owner, and sold for the 1880 tax. The court said (p. 327): " We think that the lands were properly assessed for these years, for the title of the State did not become perfect until the deed was executed * * * but after the title of the State had become fully vested through the deed of the Comptroller the lands were no longer assessable and no sale could be made thereof except in accordance

with the express provisions of the statute." In other words, it held that no deed under the first tax sale having been given, the assessment was proper but the sale to one other than the State was void. In *Armstrong* v. *County of Nassau* (101 App. Div. 116 [1905]) the court said (p. 118): " Owners and persons interested still have the right to redeem, and at least until such time as the title to said lands is perfected and fully vested in the county by a proper deed, and all rights of redemption extinguished, the premises should be assessed." (See, also, opinion of Department of Taxation May 15, 1935, 52 State Dept. Rep. 8.) Whether the statute then in force applied to the counties in which these two cases arose does not appear. It is not referred to. It would appear, under those cases, that between the time the State or county bids in a property on a tax sale and the time a deed is given and the title perfected, it is properly assessed to the original owner. This rule is not changed *as to a school district* by subdivision 2 of section 50 of the Tax Law.

Section 153 of the Tax Law provides that real property struck down to a county and omitted from the tax roll under subdivision 2 of section 50 shall not be subject to further *sale* after having been once sold for taxes. This does not preclude it from being further *assessed* for unpaid school taxes.

As to the aggregate of the unpaid taxes on properties sold by the county in October, 1933, and October, 1934, and excluded by the supervisors at the annual session in December of each year, the plaintiff is entitled to recover. Those sales occurred *after* the plaintiff had assessed its tax in 1933, at which time the properties had not been struck from the town rolls. Clearly a school district could not omit these.

As to the aggregate of the unpaid taxes on properties which had been sold by the county in 1932 and prior, and excluded from the town tax rolls in December, 1932, and prior, we think these properties were properly assessed and taxed under section 411 of the Education Law and that the plaintiff is, therefore, entitled to be paid the amount thereof.

We are to give effect to every part of every statute if possible. Admitting the difficulty, we think a school district is entitled to assess to the original owners all property in its district bid in by the county on tax sales, until the county has become the owner by taking a deed and perfecting its title. Then it may assess it to the county. (*Village of Watkins Glen* v. *Hager, supra; Clark* v. *Sprague*, 113 App. Div. 645; *People ex rel. Palmer* v. *Travis*, 223 N. Y. 150, 165.)

The tax on properties bid in by the county being unpaid, the school district trustees return the same. (Education Law, §§ 433,

434.) The properties having been excluded from the town roll under Tax Law, section 50, subdivision 2, the defendants say the county cannot " cause the amount of such unpaid taxes * * * to be levied upon the lands " as required by section 436 of the Education Law. In order to give effect to both sections, we hold that they are excluded from the *town* rolls for the purpose of general taxation only, but that they are not excluded for the purpose of levying the unpaid school tax. It should be levied and at the time of levying paid to the district as provided in section 435 of the Education Law.

The county is in a position to reimburse itself. While under section 153 of the Tax Law the properties may not be " subject to further sale," whenever the property is redeemed from the original sale, the party redeeming must pay such tax. Under that section, even if the county omitted to reassess the unpaid school tax, the party redeeming would be compelled to pay the tax and interest " which would have been due on said real property had it been taxed."

If school districts may not assess properties which have been bid in by the county, either before or after its title is perfected, the financial situation of some districts may be seriously affected.

The defendants attack the constitutionality of section 435 of the Education Law, citing *Village of Kenmore* v. *County of Erie* (252 N. Y. 437). We think it is constitutional. (*Town of Amherst* v. *County of Erie*, 260 N. Y. 361.) The former case was considering article 8, section 10, of the Constitution, which provides in part: " No county * * * shall hereafter give any money * * * to or in aid of any individual, association or corporation," etc., or, as stated in the defendants' brief, " for other than county or town purposes." The Village Law provided in substance that the county treasurer should pay to the treasurer of the village the amount of its taxes returned unpaid. The court pointed out (p. 422) that a village " may use the moneys received as it pleases for purposes of local government or for any other purpose within its corporate powers," and that (p. 443) it may use its money " for purposes not governmental nor of State concern." The court held that the provision of the Village Law was unconstitutional but it said (p. 442): " School districts are, like counties, governmental subdivisions of the State, though their governmental function is confined to education. The State uses the machinery of county government to supplement the machinery of the school districts where the latter proves inefficient in the collection of school taxes." *Town of Amherst* v. *County of Erie* (*supra*) held that a town could recover of a county the difference between its levy and the amount collected

by the town collector. It distinguishes the *Kenmore* case (p. 372) and by analogy (p. 376) approved of section 435 of the Education Law. It pointed out (p. 371) that " The town, after the return by the collector of the roll to the County Treasurer, is wholly without means of collecting the uncollected taxes so returned." Likewise a school district. Section 432 of the Education Law is unavailing after the school tax has been returned.

No question is raised as to the regularity of the assessment by the plaintiff. The sufficiency of the return of unpaid taxes by the trustees to the county treasurer (Education Law, §§ 433, 434) is questioned because the certificate was signed by only one of the three trustees. It was, however, accepted and acted upon by the county treasurer. We hold it sufficient.

The plaintiff is entitled to recover from the county of Chemung $2,152.90, with interest, and for the purpose of paying the same the board of supervisors is required to cause said amount to be levied pursuant to section 436 of the Education Law and, at the time of so levying the same, pay the amount to the collector of the plaintiff, pursuant to section 435 of said law. Form of decision and judgment may be agreed upon or submitted for settlement.