HON. JOHN C. MANNIX County Attorney, Warren County
This is in response to the letter of David B. Krogmann, Deputy County Attorney, wherein he asks for an opinion of the Attorney General as to whether or not the County Treasurer of the County of Warren is authorized to sell lands in accordance with Article 10 of the Real Property Tax Law in a year other than the year that the taxes are reported as unpaid. Mr. Krogmann pointed out that the carry-over of the delinquent taxes were a result of a payment by a personal check of the amount due plus interest and penalties after the second publication of the required notice of sale and a withdrawal of the property from further publication followed by the return of the check for insufficient funds.
Real Property Tax Law, § 1000(1), provides:
 "1. Whenever a tax on a parcel of real property returned to the county treasurer in any county remains unpaid on the first day of August, except as hereinafter provided in this section, tax sale proceedings shall be commenced as provided in this title for the payment of the tax, the interest thereon and the share of expense of advertising and conducting the sale attributable to such parcel as determined by the county treasurer."
Real Property Tax Law, § 1002, provides in part:
 "1. The county treasurer shall at the time specified in section ten hundred of this chapter for the commencement of tax sale proceedings in his county, cause a notice of tax sale to be published at least once in each week for six weeks in two newspapers designated for the publication of the concurrent resolutions specifying a day at the expiration of the six weeks on which the sale will commence at the courthouse of the county.
 "2. Such notice shall contain a list of the parcels to be sold giving a brief description of each, the name of the owner or occupant thereof as the same appears on the tax roll and the aggregate amount due on each parcel as of the time of sale. Such amount shall include the unpaid taxes for the year advertised including the five per centum added pursuant to section nine hundred thirty-six of this chapter, interest thereon at the rate of ten per centum per annum from the first day of February after levy of the tax and the expense chargeable against the parcel. * * *"
Sections 1000 and 1002 of the Real Property Tax Law were derived from sections 150 and 151 of the Tax Law and cover the time for commencement of tax sale proceedings and notice of sale.
The question was previously presented to the Attorney General's office and in an opinion dated January 28, 1898, the Attorney General stated:
 "* * * There is no question but that sections 150 and 151 of the Tax Law provide for sales of lands by county treasurers in counties outside of the forest preserve to be held annually for the taxes of the preceding year, but the provisions of the Tax Laws relating to sales by the Comptroller (section 120) would also seem to indicate a like intention on the part of the Legislature. It has been found by the Comptroller impracticable to hold tax sales more frequently than once every four or five years, and while the question has been raised in the courts that the Comptroller has no authority so to do, I am unable to find any decision holding that such a sale for the taxes of several years would be invalid, provided, however, that each parcel assessed shall be sold separately. Care should be taken to sell each parcel assessed by the description in which it is assessed for each of the year's taxes, separately. (See Turner vs. Boyce, 11 Misc. 502.)
 "I am of the opinion that there is no excuse for county treasurers not selling annually, but under the circumstances of your case, I think you have authority to sell for the taxes of all the years in arrears. I know of no provision of statute limiting your authority to sell for the taxes of more than two years."
A similar question was presented to the Attorney General's office at a later date and in an opinion of the Attorney General dated August 3, 1910, it was stated:
 "In People ex rel. Carman v. Lewis, 102 A.D. 408, the court affirmed an order directing a peremptory writ of mandamus to issue to compel the county treasurer of Nassau County to advertise and sell certain real estate in his county upon which taxes for the years 1901, 1902 and 1903 remained unpaid. The order was granted in 1904. In the course of the opinion the court said:
 "`So far as the order directs a sale it is proper. Sections 150 and 151 of the Tax Law provide that whenever a tax charged on real estate situated in the county shall remain unpaid for six months from the first day of February, after the same is levied, the county treasurer shall immediately thereafter proceed in the manner pointed out to sell such real estate. Undoubtedly the county treasurer has a reasonable time within which to act, and what is a reasonable time must be determined by the circumstances of each case. * * *'
 "It is evident from the foregoing language that the court interpreted the sections in question as imposing a ministerial duty upon the county treasurer to make the sale as soon as reasonably possible. It is also apparent, however, that violation of this duty by unreasonable delay did not, in the opinion of the court, in any way invalidate the title which would be conveyed by a subsequent sale. Otherwise, the order directing the sale would scarcely have been granted if the sale would not convey valid title."
Although the conclusions reached in the above opinions were pronounced may years ago their validity has not been challenged. It is our opinion that delinquent taxes for a previous year which were not included in the tax sale by the County Treasurer of Warren County may be added to the current list and made a part of the current tax sale.