INHABITANTS OF ESSEX COUNTY *vs.* CITY OF SALEM.

Essex.   November 8, 1890. — January 12, 1891.

Present: FIELD, C. J., W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Tax — County Property — Exemption.*

The property of a county is exempt from taxation only when actually appropriated to public uses.

Real estate purchased by a county for enlarging a jail and jail grounds is taxable, while let for private purposes and a source of income to the county, by the city within which it is situated.

PETITION for a writ of certiorari to quash the proceedings of the board of assessors of the respondent city, in assessing taxes upon real estate belonging to the petitioner for the years 1887 and 1888.   Hearing before *Devens,* J., who reserved the case for the consideration of the full court.   The facts appear in the opinion.

*W. H. Moody,* for the petitioner.

*F. L. Evans,* for the respondent.

FIELD, C. J.   The evidence shows that the real estate on which the tax has been assessed was purchased by the county of Essex with the intention of some time using it for enlarging the jail and jail grounds in Salem, but that it has not been actually appropriated to this purpose, and whether it will ever be so appropriated is uncertain, and the intention to appropriate it to any public use, if any exists, is indefinite, and dependent upon events which may or may not occur.   This real estate is actually let to different persons, who occupy it and pay rent to the county, and all of the tenants but one have no connection with the jail, and are not employed by the county, and the one tenant who is employed by the county occupies his tenement and pays rent for it, in the same manner as the other tenants.

The statutes provide: " Real estate, for the purposes of taxation, shall include all lands within this State, and all buildings and other things erected on or affixed to the same."   Pub. Sts. c. 11, § 3.   The statutes exempt from taxation the property of the Commonwealth, with some express exceptions; but there are no

similar provisions exempting from taxation the property of counties. Pub. Sts. c. 11, § 5, cl. 2. The property of counties is held exempt from taxation when appropriated to public uses, because courts infer that it is not the intention of the Legislature to tax property so used in the absence of any express declaration that it should be taxed. This implication is made on account of the nature of the uses to which the property is appropriated. It is not to be presumed that the Legislature intended to tax the instrumentalities of government. *Worcester v. Mayor & Aldermen of Worcester*, 116 Mass. 193.

Each county is " a body politic and corporate for the following purposes: to sue and be sued ; to purchase and hold, for the use of the county, personal estate and lands lying within its own limits; and to make necessary contracts and do necessary acts in relation to its property and concerns." Pub. Sts. c. 22, § 1. County commissioners are authorized to appoint agents to sell the real estate of their respective counties. Pub. Sts. c. 22, § 4. The city of Salem is but a part of the county of Essex, and therefore the city, if it is permitted to collect this tax, will in effect receive a part of it from taxes levied on persons and estates by other towns in the county. If the property is used exclusively for private purposes, and is a source of income to the county, in the benefits of which the other towns share, it is certainly just that out of the income derived from that property there should be paid to the city of Salem such charges as are paid on other similar property, to enable the city to perform its municipal duties, on the proper performance of which the safety and value of such property in some degree depend. Although a county has different and somewhat more limited powers than a town or city, yet it is a municipal corporation capable of being sued, and has power by taxation to raise money to discharge its obligations. We are of opinion that, in the absence of any express exemption of the property of counties from taxation, an exemption can be implied only when the property is actually appropriated to public uses. This is the principle which underlies all our decisions in cases analogous to the present, and we see no ground on which it ought to be extended to the property of a county actually devoted to private uses which are not incidental to the performance of public duties, particularly when

income is derived from the property in the same manner as from similar property belonging to private persons. *Lowell South Congregational Meeting-House* v. *Lowell*, 1 Met. 538. *Worcester* v. *Western Railroad*, 4 Met. 564. *Pierce* v. *Cambridge*, 2 Cush. 611. *Wayland* v. *County Commissioners*, 4 Gray, 500. *Worcester* v. *Mayor & Aldermen of Worcester*, 116 Mass. 193. *Boston Society of Redemptorist Fathers* v. *Boston*, 129 Mass. 178.

*Petition dismissed.*