CLARK v. SPRAGUE et al.

(Supreme Court, Appellate Division, Second Department.   June 8, 1906.)

TAXATION—EXEMPTIONS—LAND OWNED BY MUNICIPALITY.

Under Rev. St. (7th Ed.) pt 1, c. 13, tit. 1, § 1, providing that all lands owned by individuals or corporations shall be liable to taxation, subject to the exemptions thereafter specified, and section 4, exempting lands belonging to the state and the United States, land belonging to a municipal corporation, but not used for public purposes, was not exempt.

[Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Taxation, § 295.]

Appeal from Special Term, Kings County.

Action by Florence S. Clark against Elizabeth H. Sprague and others for partition.  The premises were sold, and William G. Schmidt and others purchased at the sale.  From an order denying a motion by the purchasers to be relieved from their purchase, they appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

W. H. Burby, for appellants.
James C. Foley, for respondent.

MILLER, J.   The appellants, purchasers at a partition sale, decline to complete their purchase upon the ground of a defect in the title.   It appears that the parties to the partition suit derive their title from a tax sale and deed thereunder, made February 4, 1889, by the register of arrears of the city of Brooklyn.  The premises had been conveyed to the city of Brooklyn by the Brooklyn & Jamaica Railroad Company by deed dated December 29, 1864, which was given pursuant to chapter 220, p. 425, of the Laws of 1853, and an agreement made pursuant thereto April 10, 1855, ratified by chapter 475, p. 854, of the Laws of 1855.  The appellants claim that the city could only part with its title in the manner pointed out by said act of 1855, to wit, by conveyance to the adjoining owners, or by sale at public auction, and that taxes could not validly be levied against it, or a valid sale of the premises be made for unpaid taxes thus unlawfully levied.   No question is raised respecting the regularity of the assessments, tax sale, or deed thereunder, except as aforesaid.   When the objection of the appellants to the title was raised, the plaintiff's attorney volunteered to obtain, and has since obtained, a quitclaim deed of the premises from the city of New York, which has been tendered the appellants, together with the referee's deed.

At the time of the imposition of the taxes for which the land was sold, the statute (part 1, c. 13, tit. 1 [7th Ed.] Rev. St.) provided:

"Section 1. All lands and all personal estate within this state, whether owned by individuals or by corporations, shall be liable to taxation, subject to the exemptions hereinafter specified."

Section 4 contained the provisions for exemptions, and, while said section expressly included lands belonging to the state or the United States, no reference was made to lands belonging to municipal corporations.   It was nevertheless held that it was not the intention of

the Legislature to tax lands of municipal corporations held for public purposes (People ex rel. Mayor, etc., of N. Y. v. Assessors, 111 N. Y. 505, 19 N. E. 90, 2 L. R. A. 148; City of Rochester v. Town of Rush, 80 N. Y. 302). If the lands in question were held by the city of Brooklyn for a public purpose, it may be assumed that the assessments (except, possibly, such as were for public improvements), the tax sale thereunder, and the deed pursuant thereto, were void; but no case has been called to our attention holding that real property owned by municipal corporations and not held for public purposes could not be taxed under the tax laws then existing; on the contrary, every case which held that lands so owned were not taxable proceeded upon the distinct theory that the lands were held for public purposes. The distinction between the ownership by a municipality of property for public or governmental purposes, and for purely private or commercial purposes, was early recognized in this state, and has always been observed. See Bailey v. Mayor, 3 Hill, 531, 38 Am. Dec. 669; Lloyd v. City of New York, 5 N. Y. 369, 55 Am. Dec. 347.

The present tax law, chapter 908, p. 797, Laws 1896, provided:

"Sec. 4. Exemption from Taxation.—The following property shall be exempt from taxation: * * * (3) Property of a municipal corporation of the state held for a public use, except the portion of such property not within the corporation."

It is clear that under the statute as it now exists all property of municipal corporations not held for public use is taxable. It seems to me clear that said act of 1896 did not change the existing law in this respect, and that the only change in the law effected by the statute was to make taxable lands held for a public use, but not located within the corporation owning them. See People ex rel. City of Amsterdam v. Hess, 157 N. Y. 42, 51 N. E. 410. Certainly, if a municipality is to be considered a private individual in respect to its ownership of lands not held for public use, no reason can be suggested for saying that it was not the intention of the Legislature to include such lands in a general statement providing in effect that all lands should be liable to taxation, except such as the statute exempted, especially when it is considered that taxes were levied for other than municipal purposes.

It is not suggested that the lands in question were held for a public purpose, even assuming that they were originally conveyed to the city for such purpose. It appears by the statutes referred to supra, which respectively authorized and ratified the agreement pursuant to which the conveyance was made, that the transaction had to do with a public improvement, but the city could not by holding the land for 30 years afterwards insist that it should continue exempt from taxation as being held for a public use. Moreover, the city does not so insist, but has ratified the tax deed by its quitclaim deed. We are of the opinion that the appellants are offered a perfectly good title, and that they should therefore be compelled to complete their purchase.

The order should therefore be affirmed, with $10 costs and disbursements. All concur.