COUNTY OF HERKIMER, Plaintiff, *v.* VILLAGE OF HERKIMER and ALFRED E. ARLINGTON and Others, as Trustees of the Said Village of Herkimer, Defendants.

Fourth Department, May 12, 1937.

*Chester J. Winslow,* for the plaintiff.

*Francis J. Moore,* for the defendants.

*James W. Bennison,* counsel for the village of Frankfort, *amicus curiæ.*

EDGCOMB, J.   This controversy comes to us upon an agreed statement of facts.   The question involved is whether 249 parcels of land situated within the corporate limits of the village of Herkimer, bid in by the county treasurer upon a sale for unpaid taxes, and now owned by the county, are exempt from taxation by the village for its general purposes.

Plaintiff bases its alleged grant of immunity upon the exemption given by subdivision 3 of section 4 of the Tax Law, which frees

from taxation "property of a municipal corporation of the State held for a public use." In determining whether plaintiff's property comes within such exemption, certain general and well-established principles must be constantly borne in mind.

It is the policy of the law to require all property to bear its just share of the expenses of government. That is a just and equitable rule. Unless expressly exempt by statute, all real estate, no matter by whom it is owned, is taxable. (Tax Law, § 3; *People ex rel. Gould* v. *Barker*, 150 N. Y. 52, 56; *People ex rel. Savings Bank of New London* v. *Coleman*, 135 id. 231, 234.)

"An exemption from taxation is in the nature of a renunciation of sovereignty. It relieves one class of persons or property from its obligation to bear its share of the expenses of government, no matter how deserving of assistance that class may be, and throws a correspondingly heavier burden upon all other classes, thus creating an inequality of taxation. It is for this reason that the courts have uniformly refused to favor exemptions, and have invariably construed statutes freeing property from the burden of enforced contribution to the expense of maintaining the government most rigidly against the claimant, and have declined to countenance such immunity unless the language of the statute is clear and unambiguous, and unless the purpose of the Legislature to exempt such property indisputably appears." (*Matter of Board of Education of City of Jamestown* v. *Baker*, 241 App. Div. 574; affd., 266 N. Y. 636.)

A grant of immunity to persons who, or property which, would otherwise be liable to assessment is never presumed. It will not be recognized unless granted in terms too plain to be mistaken. If there is any doubt as to the intent of the Legislature, it must be resolved in favor of the taxing power. (*People ex rel. Westchester Fire Ins. Co.* v. *Davenport*, 91 N. Y. 574, 586; *People ex rel. 23rd St. R. R. Co.* v. *Commissioners of Taxes of City of New York*, 95 id. 554, 556, 557; *Matter of Deutsch*, 107 App. Div. 192; *People ex rel. Newburgh Savings Bank* v. *Peck*, 157 N. Y. 51; *Matter of Moore*, 90 Hun, 162; *Chicago, Burlington & Kansas City Railroad* v. *Guffey*, 120 U. S. 569, 575; *Phœnix Fire & Marine Ins. Co.* v. *Tennessee*, 161 id. 174, 177; *Wilmington & Weldon R. R. Co.* v. *Alsbrook*, 146 id. 279; *Bank of Hawaii, Ltd.*, v. *Wilder*, 8 F. [2d] 845, 846, 847; *Alaska Northern R. Co.* v. *Municipality of Seward*, 229 Fed. 667.)

With these well-established rules in mind, we approach the interpretation which should be given to the exemption specified in subdivision 3 of section 4 of the Tax Law. Are the lands owned by the plaintiff in the village of Herkimer "held for a public use?" Has the plaintiff sustained the burden of establishing such a use?

It is stipulated that the county has rented to private individuals or corporations twenty pieces of the property in question, and is receiving rents therefrom, and that 211 parcels are vacant and lying idle, and are put to no use whatsoever. It does not appear what, if any, use is being made of the other eighteen pieces.

A municipal corporation possesses two kinds of power: (1) Governmental and public; (2) proprietary and private. In the exercise of the former the corporation is a municipal government, while as to the latter it is a corporate legal individual. (*Lloyd* v. *City of New York*, 5 N. Y. 369, 374; *Bailey* v. *Mayor, etc., of New York*, 3 Hill, 531; *Village of Watkins Glen* v. *Hager*, 140 Misc. 816, 820; affd., 234 App. Div. 904.)

It is said by NELSON, Ch. J., in *Bailey* v. *Mayor, etc., of New York* (3 Hill, 531), that municipal corporations " in their private character as owners and occupiers of lands and houses, are regarded in the same light as individual owners and occupiers, and dealt with accordingly."

The distinction between ownership by a municipality of property for public or governmental purposes, and for purely private or commercial ends, has long been recognized and observed.

Land owned by a municipal corporation, but not used for a public purpose, is held by the owner as a private individual, and does not come within the exemption of subdivision 3 of section 4 of the Tax Law. (*Matter of Town of Huntington* v. *Bradford*, 273 N. Y. 603; *Clark* v. *Sprague, No. 2*, 113 App. Div. 645, 647; *Pickell* v. *City of Utica*, 161 id. 1; affd., 216 N. Y. 740.)

The plaintiff urges that, although this property is not used for a strictly public function, it is still " held for a public use," because all lands of a municipality belong to the public, and are impressed with a trust for its benefit, and these lands in particular were acquired in the hope of eventually collecting the county and State taxes assessed against the property.

The expression " public use," as employed in the statute, has never been defined with exactitude. Its meaning must necessarily depend upon the peculiar circumstances of each case. Certainly the land is not used in the sense of being occupied or employed for any public purpose. Most of it is idle, and not used at all; the balance is in the possession of private individuals as lessees, and not of the public generally. Under these circumstances plaintiff is not entitled to exemption under the statute. " Held for a public use," in this connection, means that the property should be occupied, employed, or availed of, by and for the benefit of the community at large, and implies a possession, occupation and enjoyment by the public, or by public agencies. (Cooley, Constitutional Limita-

tions [7th ed.], p. 766; *Gearin* v. *Marion County*, 110 Ore. 390, 401; 223 P. 929, 933; *School District of Fort Smith* v. *Howe*, 62 Ark. 481, 485; 37 S. W. 717.)

The term " public use " is defined in *Williams* v. *Lash* (8 Minn. 496) as " that actual use, occupation and possession of real estate, rendered necessary for the proper discharge of the administrative or other functions of the county, through its appropriate officers."

The property in question does not come within the above definition of " public use." The mere fact that it was bid in on a tax sale, and is held in trust for the public in the hope of eventually getting enough from its sale or use to pay the unpaid taxes, does not give the owner immunity from sharing in the expense of the village government. (*Pickell* v. *City of Utica*, 161 App. Div. 1; affd., 216 N. Y. 740; *Village of Watkins Glen* v. *Hager*, 140 Misc. 816, 820; affd., 234 App. Div. 904; *Common School District No. 3* v. *County of Chemung*, 160 Misc. 477, 479; *People ex rel. Missionary Sisters* v. *Reilly*, 85 App. Div. 71; affd., 178 N. Y. 609; *People ex rel. Blackburn* v. *Barton*, 63 App. Div. 581.)

The fact that the revenue derived from the leased lands was paid into the county treasury and used for county purposes does not make the use of the property a public one. (*Matter of Town of Huntington* **v**. *Bradford*, 273 N. Y. 603; *Young Women's Christian Assn.* v. *City of New York*, 217 App. Div. 406; affd., 245 N. Y. 562; *People ex rel. Young Men's Assn.* v. *Sayles*, 32 App. Div. 197; affd., 157 N. Y. 677; *City of Louisville* v. *Board of Trade*, 90 Ky. 409, 415; 14 S. W. 408.)

In *Matter of Town of Huntington* v. *Bradford* (273 N. Y. 603) the town owned certain real property situated within the village of Northport, Suffolk county, and within the corporate limits of said town, which it held by virtue of certain grants which contained no requirement that it be devoted to public use. A portion of the property was rented to private individuals for business purposes, and a part was vacant. The village of Northport taxed the property for village purposes. An order confirming the assessments and dismissing a writ of certiorari issued on the petition of the town to review the assessments was unanimously affirmed.

In *Village of Watkins Glen* v. *Hager* (140 Misc. 816; affd., 234 App. Div. 904) the plaintiff became the owner of certain property within its corporate limits by gift; it was not devoted to a public use, but was allowed to remain idle and unoccupied, with the exception of a small portion which was leased, the income being paid into the village treasury. It was held that the property was not exempt from taxation by the county of Schuyler.

The only distinction which can be made between the last two cases cited and the one at bar is that the town of Huntington and the village of Watkins Glen became owners of the property sought to be taxed by gift, while in the instant case the county of Herkimer took title by virtue of a tax deed, after bidding it in on a tax sale. The distinction does not take away the force of the holding in the cited cases.

In Massachusetts the property of a county is exempt from taxation when appropriated to public use. It was held in *Essex County* v. *Salem* (153 Mass. 141; 26 N. E. 431) that real estate purchased by a county for enlarging a jail and its grounds, but not used at the time for that purpose, was taxable.

In Michigan lands owned by a county, township, city, village or school district, and used for public purposes, are exempt from taxation. In *City of Traverse City* v. *Township of East Bay* (190 Mich. 327; 157 N. W. 85) it was held that a tract of 960 acres connected with a waterfall, and purchased by the city upon the theory that it would prove useful in the future for lighting and power purposes, but which was not used at the time as a part of the city's lighting plant, was not employed for public purposes within the meaning of the statute.

The facts in *Pickell* v. *City of Utica* (161 App. Div. 1; affd., 216 N. Y. 740) are so similar to those in the case at bar that the rule therein laid down would seem to be controlling here, and require a judgment in defendants' favor. It was there held that lands acquired by the city of Utica on a sale for failure to pay local taxes and assessments were subject to taxation by the county of Oneida.

It may well be that the interest of the public will be promoted by the plaintiff's bidding in this property and holding it until it can be sold to advantage, and thus realizing an amount sufficient to pay the county taxes assessed against the property. But public interest and public use are not synonymous. Something more than a mere public benefit must flow from the contemplated use to bring the property within the exemption contemplated by the statute. (*Matter of Niagara Falls & Whirlpool R. Co.*, 108 N. Y. 375, 385; *Brown* v. *Gerald*, 100 Me. 351, 370; 61 A. 785.)

It must be remembered that this is not the case of a municipality taxing its own property and paying a tax to itself. That would result in no benefit whatever to the municipality. The village and the county are entirely separate tax districts, and, although the village is situated within the confines of the county, the principle is the same as if the property sought to be taxed lay in another county.

Let us consider for a moment the practical result if this property of the plaintiff were to be exempt from taxation for village purposes. The 249 parcels of land involved are assessed for $129,580. A large share of taxable property would be removed from the tax roll of the village and be freed from its obligation to share in the expense of conducting the village government, notwithstanding the fact that it would receive all the benefits to be derived therefrom. The load which this property would ordinarily bear would thus be shifted onto the shoulders of others, who were less fortunate, and were unable to find a means of escape. Plaintiff is deriving an income from a portion of this property; how much does not appear. It seeks to retain this income and yet be freed from all liability to the village. Plaintiff may sell its property whenever it desires. It is not required to sell at the same price which it paid for the land. Property is required to be assessed at its full value. If purchased for the amount of the tax, it would ordinarily be acquired for much less than its actual value. During the past few years, however, the decline in the real estate market has shattered all rules, but it is fair to say that much, if not all, of this land can sooner or later be sold at a profit. It hardly seems fair that the plaintiff should be permitted to take a profit, and escape its obligation to the defendants, at the expense of other taxpayers. It is inconceivable that the Legislature could have had any such intention when it passed this statute. The intent of that body is the primary consideration in the construction of a statute.

It is also a fundamental canon of construction that a solution which will bring about an objectionable result is to be avoided, if possible. A bad result suggests a wrong interpretation. (*People ex rel. Beaman* v. *Feitner*, 168 N. Y. 360, 366.)

It necessarily follows that the defendants are entitled to judgment declaring that the property bid in by the plaintiff at the county tax sale, and situated within the village of Herkimer, is not held by the county for a public use, and is not exempt from taxation by said village. Judgment should be ordered accordingly, with costs.

All concur, except LEWIS, J., who dissents and votes for determination in favor of the plaintiff upon the ground that the properties in question sought to be taxed are held by the plaintiff county for a public use under the terms of section 4, subdivision 3, of the Tax Law; THOMPSON, J., having been present at the argument of said appeal, but having died on the 7th day of April, 1937, without having taken any part in the determination of this appeal. Present — EDGCOMB, CROSBY, LEWIS and CUNNINGHAM, JJ.

Submitted controversy determined in favor of the defendants, with costs.