**COLUMBUS METROPOLITAN HOUSING AUTHORITY, In Re**

(Board of Tax Appeals)

No 2530. Decided Jan 8, 1942

JENKINS and HANCE, Members, concur.

FORD, Member, dissents.

**OPINION.**

This cause comes before the Board of Tax Appeals upon the application of the Columbus Metropolitan Housing Authority for exemption from taxation of certain real property within the City of Columbus, owned and controlled by the applicant and popularly known as Poindexter Village. Said application was submitted upon the stipulation of facts, the evidence, briefs and argument, including in support of said application, in addition to the briefs of applicant, the brief of Newton A. Thatcher, Auditor of Franklin County, Ohio, the brief Amici Curiae of various other housing authorities in this state, and opposing said application, the brief of Ralph J. Bartlett, Prosecuting Attorney of Franklin County, Ohio and Francis M. Thompson, a taxpayer and resident of Columbus, Ohio, the brief of Francis Baehr, a taxpayer, the brief Amicus Curiae of the Apartment House Owner's Association of Cleveland, and the brief Amicus Curiae of the Taxpayers' Association of the City of Euclid.

The stipulation of facts shows that applicant is a body politic and corporate, duly organized under the housing laws of the State of Ohio; that the property involved is located in the northeast quarter of the City of Columbus and consists of approximately twenty-two and one-half acres of land; that at the time applicant acquired the land there were three hundred and seventy-nine dwelling units thereon, all of which buildings were demolished or removed and that the Authority erected on said lands, four hundred and twenty-six dwelling units together with a recreation center, central heating plant and playground; that the tax valuation of said real estate when acquired was Land, $73,160.00, Buildings, $189,310.00, Total, $262,470.00; that the cost of said project, including the purchase of land, clearing it, erecting the dwelling units, power plant, recreation center and equipment was approximately $2,000,000.00; that the project was financed with the cooperation of the United States Housing Authority, a corporation duly organized under the United States Housing Act of 1937.

The question presented by this application is whether said property is exempt from taxation. In order to determine this question it becomes necessary to consider the constitutional provisions, the general exemption stat-

utes and the special statutes known as the housing laws.

**Art. XII, §2 of the Ohio Constitution,** in so far as pertinent, provides as follows:

"Land and improvements thereon shall be taxed by uniform rule according to value. * * * general laws may be passed to exempt burying grounds, public school houses, houses used exclusively for public worship, institutions used exclusively for charitable purposes, and **public property used exclusively for any public purpose,** * * *" (Emphasis ours).

Applicant claims that this is public property being used for a public purpose and filed its application for exemption under the provisions of §5351 GC. If this property is entitled to exemption from taxation, it must come within the provision, "used exclusively for any public purpose". In other words, regardless of a legislative provision, it becomes necessary first to determine whether said property is used for a public purpose. The housing laws of the State of Ohio, under which applicant was created, provide for a program of slum elimination and the construction of a housing project, the units of which are to be rented at low cost to persons of low income for dwelling purposes.

It must be admitted by all interested parties that the elimination of slums in any community is a very worthy project in which every citizen in a community should be interested. The living conditions there found are derogatory to the public health and tend to promote juvenile delinquency and crime. The elimination of these conditions is a matter affecting the public welfare of the entire community. The objectors contend this purpose is accomplished with the demolition of the dwellings of the slum section. The applicant contends that, following such demolition, unless some assistance is provided for the slum dwellers by way of enabling them to obtain better housing conditions, the result would

be that they would congregate in some other poor section of the city and a new slum section would be created. The housing laws provide for both, the demolition of the existing housing units of the slum section and the construction of new housing units under a plan by which those of the low income group are able to obtain better living quarters. It would seem that such a project is of great public interest and conducive to the public welfare of the entire community. Applicant and those supporting the application rely strongly upon this proposition.

Regardless of how worthy the project may be and how conducive to the public welfare, the question of its exemption from taxation must be determined by the provisions of the constitution and statutes. The term "public use" has been used under certain circumstances to mean anything that is of benefit to the general public and conducive to the public welfare. On the other hand as applied to other matters, it has been limited to actual use in carrying out essential governmental functions. In questions of police power or public welfare only, we find the term used in its broad sense, but where the use itself is the question involved, it is well settled that public use and public interest are not synonymous.

In Herkimer County v Village of Herkimer et, 295 N.Y.S. 629, 636, 251 App. Div. 126, the court states:

"But public interest and public use are not synonymous. Something more than a mere public benefit must follow from the contemplated use to put the property within the exemption contemplated by the statute."

In United States v Certain Lands in City of Louisville, 78 Fed. (2nd) 684, on p. 687 of the opinion it is stated:

"It may be, too, that these group benefits, so far as they might affect the general public would be beneficial. * * * The public interest that would thus be served, however, can not, we think, be held to be a public use. * * *."

This was a case in which the United States Housing Authority sought to condemn lands for a housing project. The court held against the government on the above grounds. A Writ of Certiorari was granted by the Supreme Court (296, U. S. 567, 80 L. Ed. 400), but the case was dismissed on motion of the Solicitor General (297 U. S. 726, 80 L. Ed. 1009).

There are numerous conflicting decisions in different jurisdictions. In some instances the statutes or constitutional provisions involved are different; in others, they are somewhat similar. However, the provisions herein involved have been before the courts of this state in numerous cases, which, if in point, are controlling in this matter.

In **Gerke, etc. v Purcell, 25 Oh St p. 229,** the court denied exemption to a parsonage, and on p. 248 the court states:

"But a parsonage, although built on ground which might otherwise be exempt as attached to the church edifice, does not come within the exemption. The ground in such case is appropriated to a new and different use. Instead of its being used exclusively for public worship, it becomes a place of private residence."

. This holding was followed in **Waterson v Halliday, 77 Oh St, p. 150** in which the court states (p. 180):

"The use to which the property is devoted determines its right to exemption, under any clause of the section."

: In **Cincinnati v Lewis, Auditor, 66 Oh St 49,** the court held property owned by the City of Cincinnati and leased was not exempt from taxation. Judge Shauch. in referring to the constitutional and statute provisions, on p. 56, states:

"The description of municipal property which is exempt from taxation indicates with unmistakable accuracy that the exemption is to extend to such property only as is actually employed in the exercise of municipal functions. If this conclusion were doubtful it would nevertheless be required by the established rule that all exemptions from taxation are to be strictly construed."

In **Rose Institute v Myers, Treasurer, et, 92 Oh St 252,** Chief Justice Nichols at p. 264 of the opinion quotes from Trustees of the Academy of Richmond County v Bohler, 80 Ga. 159 with approval as follows:

"It is the use of the property which renders it exempt or non-exempt, not the use of the income derived from it. * * * * *

"Property used to produce income to be expended in charity is too remote from the ultimate charitable object to be exempt. If property is allowed to be used as taxed property, it also is to be taxed. If it competes, in the common business and occupations of life, with the property of other owners it must bear the tax which theirs bears. Thus, if even a synagogue or a church were rented out during the week for a storeroom or a shop, though divine service might be performed in it on Saturday or Sunday, and though the rents were all appropriated to religious or charitable uses, its exemption would be lost. (p. 266) * * * **The exemption is not a release in personam but a release in rem, and the res to which the release applies must be found and identified by the officer or no exemption can be recognized.**"

Judge Nichols further states on p. 267:

"The property belonging to this institution is being commercially used. It is competing with other landlords in the City of Cleveland, in securing tenants for its business houses and residences."

. These provisions of the constitution were again under consideration by the Supreme Court in **State ex rel v Hess,**

113 Oh St 52 in which the court held the provisions of §5349 GC, in so far as they attempted to exempt lease hold estates not used exclusively for public school purposes, to be unconstitutional. While the property involved in the Rose Institute case was privately owned, the property involved in the Hess case was owned by the Trustees of Woodward High School. The court in the Hess case applied the principles laid down in the Rose Institute case.

After quoting the syllabus therefrom the court states (p. 56).

"That syllabus might well be the syllabus of this case and is decisive of every contention raised in this case."

All provisions with reference to the exemption of property from taxation must be strictly construed and must be authorized by the Constitution. **Wilson v Licking Aerie, 104 Oh St 137.** Syllabi 2 and 3 are as follows:

"2. The provision in §2, **Art. XII of the Constitution,** that institutions 'used exclusively for charitable purposes * * * may, by general laws, be exempted from taxation,' does not authorize the general assembly to exempt from taxation the property of benevolent organizations not used exclusively for charitable purposes.

"3. **Sec. 5328 GC,** passed pursuant to the requirement of §2, **Art. XII of the Constitution,** requires that 'all real or personal property in this state * * * shall be subject to taxation, except only such property as may be **expressly exempted** therefrom.' The exemption **must be clearly and expressly stated** in the statute and **must be such only as the above section of the constitution authorizes to be exempted.**" (Emphasis ours).

**Zangerle v State, 120 Oh St 139.** "All laws exempting any of the property in the state from taxation, being in derogation of equal rights, should be construed strictly."

**Cullitan v Sanitarium, 134 Oh St 99:** "There is no presumption favorable to the exemption of property from taxation. An exemption from taxation **must be clearly and expressly stated** in the statute and must be such only as is authorized by the Constitution." (Emphasis ours).

It, therefore, seems well settled by numerous decisions of our Supreme Court that the phrase "property used exclusively for any public purpose" as found in our Constitution is not used in the broader sense and is not synonymous with public interest, but must be confined to an actual use in carrying out essential governmental functions. It seems equally well settled by these same decisions that the renting of property for commercial use or for the purposes of a private dwelling is neither a charitable nor public use.

The applicant attempts to distinguish these decisions on the ground that the property involved was not used by the public owner for the intended public purpose, whereas it claims that the property herein involved is being used for the intended public purpose. We are unable to see the difference. The property in each case is being occupied by private individuals as private dwellings for which the tenants pay a rental, and it would seem immaterial whether that rental is high or low. While it is true that the purpose of constructing this property is to use it for private dwellings, nevertheless the Authority is the owner and occupies the position of landlord. The occupancy is as private dwellings and the occupants occupy the position of tenants. The use is the use by the tenants.

Applicants claim that exemption is granted by §5351 GC. This section in so far as pertinent is as follows:

"* * * Public property used for a public purpose shall be exempt from taxation."

This section is in complete accord with the provisions of §2, **Art. XII of**

the Constitution in that it requires the use to be for a public purpose. The foregoing authorities demonstrate that this property is not used for a public purpose.

Applicant further claims that said property is specifically exempted by the provisions of §1078-36 GC, in which the legislature has declared that said property

"* * * shall be deemed public property for public use, and all accounting and other transactions of the authority shall be subject to the inspection and approval of the bureau of inspection and supervision of public offices of the state of Ohio, which shall transmit its report to the state board of housing."

Objectors, however, claim that the use of the word "deemed" negatives the actuality and that the only purpose and intent of such section is to subject said authority to inspection by said bureau. It is clearly demonstrated by the foregoing authorities that if said section exempts said property from taxation it must do so within the constitutional limitations hereinbefore set forth; and if the use, as a matter of fact is not public, as the term is used in the Constitution, it cannot be made so by mere legislative declaration.

Had the legislature intended to exempt property of the housing authorities by the provisions of this section it could have specifically so stated. This it failed to do.

Applicant contends that denying exemption to said property requires holding that the Housing Act is unconstitutional. This does not follow for it is well settled that every reasonable presumption must be indulged in favor of the constitutionality of a statute, and where two interpretations are possible, one of which would render it valid and the other invalid, that interpretation must be adopted which would bring the act within the provisions of the Constitution and uphold its validity. "A statute should not receive a construction which makes it conflict with the Constitution, if a different interpretation is practicable." **Burt v Rattle, 31 Oh St 116; 8 O. Jur. p. 154, §58; p. 160, §61.**

Applying the foregoing principles to the provisions of §1078-36 GC regardless of whatever other effects it may have, we are required to find that said section does not exempt said property from taxation.

It follows that it is the opinion and finding of this Board that said property is not exempt from taxation.

BOARD OF TAX APPEALS.

### ENTRY

The Columbus Metropolitan Housing Authority, Columbus, Franklin County, Ohio, having heretofore to-wit, on the 11th day of September, 1940, filed an application for the exemption from taxation of certain real property in the taxing district of Columbus, Franklin County, Ohio, referred to as its slum clearance and low rent housing project, Ohio 1-1, and popularly known as Poindexter Village, and said application having been submitted on the record, briefs and arguments, the Board of Tax Appeals finds that said property described as follows:

"Situated in the City of Columbus, County of Franklin and State of Ohio, and known as parcels Nos.

| | | | |
|---|---|---|---|
| 1-357 | 1-7884 | 1-20439 | 1-25733 |
| 1-1016 | 1-8138 | 1-20453 | 1-25782 |
| 1-1408 | 1-8353 | 1-21515 | 1-26207 |
| 1-1616 | 1-8836 | 1-21727 | 1-26555 |
| 1-1617 | 1-8837 | 1-21739 | 1-28608 |
| 1-1624 | 1-8927 | 1-21833 | 1-29700 |
| 1-1627 | 1-8954 | 1-21835 | 1-30053 |
| 1-1644 | 1-9457 | 1-22634 | 1-30056 |
| 1-1870 | 1-10765 | 1-23160 | 1-30066 |
| 1-2326 | 1-11152 | 1-23605 | 1-30419 |
| 1-2910 | 1-11656 | 1-23668 | 1-30528 |
| 1-3172 | 1-12064 | 1-23669 | 1-30529 |
| 1-3677 | 1-12649 | 1-23670 | 1-30786 |
| 1-3678 | 1-12857 | 1-23671 | 1-31890 |
| 1-3679 | 1-14295 | 1-23672 | 1-33615 |
| 1-4278 | 1-14748 | 1-23673 | 1-34258 |
| 1-4478 | 1-14749 | 1-23674 | 1-34737 |
| 1-4479 | 1-15696 | 1-23675 | 1-34761 |
| 1-4606 | 1-17010 | 1-23932 | 1-35129 |

226

| | | | |
|---|---|---|---|
| 1-4996 | 1-17012 | 1-23933 | 1-35167 |
| 1-5453 | 1-17381 | 1-24097 | 1-35751 |
| 1-6567 | 1-18293 | 1-24265 | 1-36314 |
| 1-6568 | 1-18523 | 1-24418 | 1-36325 |
| 1-6847 | 1-19440 | 1-24492 | 1-36883 |
| 1-7095 | 1-20071 | 1-24494 | 1-38421 |
| 1-7098 | 1-20178 | 1-25175 | 1-38585 |
| 1-7114 | 1-20405 | 1-25243 | 1-38742 |
| 1-7116 | 1-20437 | 1-25244 | 1-38911 |
| 1-7555 | 1-20438 | 1-25352 | 1-39227 |
| 1-39923 | 1-47086 | 1-53719 | 1-66770 |
| 1-40380 | 1-47099 | 1-53781 | 1-66949 |
| 1-40601 | 1-47218 | 1-53784 | 1-66994 |
| 1-40842 | 1-47292 | 1-53796 | 1-67197 |
| 1-41762 | 1-47296 | 1-54022 | 1-9762 |
| 1-41808 | 1-47381 | 1-54591 | 1-13815 |
| 1-42259 | 1-47382 | 1-54814 | 1-15679 |
| 1-42260 | 1-47489 | 1-54815 | 1-16045 |
| 1-42261 | 1-48117 | 1-54945 | 1-24932 |
| 1-42733 | 1-48128 | 1-55419 | 1-25170 |
| 1-42952 | 1-48132 | 1-55440 | 1-25299 |
| 1-43423 | 1-49059 | 1-55562 | 1-28394 |
| 1-43625 | 1-49358 | 1-55559 | 1-30065 |
| 1-45553 | 1-50910 | 1-55621 | 1-30785 |
| 1-45988 | 1-51798 | 1-55979 | 1-34758 |
| 1-46713 | 1-52353 | 1-56391 | 1-35423 |
| 1-46769 | 1-52402 | 1-56570 | 1-38961 |
| 1-46841 | 1-53167 | 1-56814 | 1-40633 |
| 1-46842 | 1-53237 | 1-57255 | 1-47255 |
| 1-46911 | 1-53238 | 1-57827 | 1-52751 |
| 1-46912 | 1-53239 | 1-62486 | 1-55444 |
| 1-47050 | 1-53253 | 1-62805 | 1-57695 |
| | | | 1-57857 |

is not exempt from taxation by the provisions of §1078-36 GC, and is not used exclusively for public purposes within the meaning of §5351 GC, and Art. XII, §2 of the Ohio Constitution and, therefore, is not legally exempt from taxation.

It is accordingly by the Board of Tax Appeals considered and ordered that said application for the exemption of said property from taxation be and the same hereby is denied.

It is further ordered that a certified copy of this Journal Entry be forwarded to the Auditor of Franklin County.

I hereby certify the foregoing to be a true and correct copy of the action of the Board of Tax Appeals of the Department of Taxation, this day taken, with respect to the above matter.

HARRY J. ROSE,
Secretary.