LONG ISLAND LAND RESEARCH BUREAU, INC., Respondent, v. TOWN OF HEMPSTEAD, Appellant.— In an action pursuant to article 15 of the Real Property Law, to compel the determination of a claim to real property in which the plaintiff alleged ownership by reason of a deed from parties who had occupied adversely to the defendant and also by reason of a deed delivered pursuant to a tax sale, the defendant appeals from a judgment dismissing the counterclaim for similar relief, and adjudging the respondent to be the lawful owner in fee simple of the premises. Judgment unanimously affirmed, with costs. The finding that appellant divested itself of title in the first fifteen years of its existence is reversed. The parcel of property here involved concededly has never been put to a public use. The continued nonuser for more than two centuries while claimed ownership was in the appellant, warranted a finding that it was not held for a public purpose and was taxable. (Tax Law, § 4, subd. 3; *Clark* v. *Sprague* [*No. 2*], 113 App. Div. 645; *County of Herkimer* v. *Village of Herkimer*, 251 App. Div. 126, affd. 279 N. Y. 560.) The notice of redemption sufficiently complied with the provisions of the Nassau County Administrative Code (§ 5–51.0). Respondent, therefore, by reason of the deed from the County Treasurer, has good title as against appellant. (Cf. *Swidler* v. *Knocklong Corp.*, 305 N. Y. 527.) If it were held that the County Treasurer could not issue a valid deed because the notice to redeem was defective, the respondent would then have title by reason of the deed to it from the Anderson family, its immediate predecessors in title, who adversely occupied the premises. The Andersons, who, it is stipulated, were in continuous possession, cultivating the soil for more than forty-two years, entered under color of title. As against the appellant, their occupancy was adverse and was sufficient to divest title. (Cf. *Town of North Hempstead* v. *Harper*, 246 App. Div. 851; *Conde Nast, Inc.*, v. *Town of North Hempstead*, 251 App. Div. 898, and *Park Acres* v. *City of New York*, 266 App. Div. 849.) This portion of the common lands of appellant was never put to any use by appellant. That the common lands were alienable is established by the practical construction which the appellant and its inhabitants have given to the colonial grant to the appellant. (Cf. *Town of Southampton* v. *Mecox Bay Oyster Co.*, 116 N. Y. 1, 11, 16.) Allotments and deeds to the greater part of the common lands of appellant have been made in the years since the colonial grant. Respondent cannot, however, be

found to have title by reason of a presumed divestiture of title by the appellant in the first fifteen years of its existence. The facts that the records of appellant for that period are missing and that there are no records of alienation by appellant of 40% of the upland within the town did not furnish a basis for the finding of the Trial Justice that there was divestiture within said fifteen years. Present — Nolan, P. J., Adel, Wenzel, MacCrate and Beldock, JJ. [203 Misc. 619.]