MUNICIPAL EMPLOYEES RETIREMENT SYSTEMS
OF MICHIGAN v DELTA CHARTER TOWNSHIP

Docket No. 260534. Submitted May 3, 2005, at Detroit. Decided May 24,
2005, at 9:20 a.m. Leave to appeal sought.

The Municipal Employees Retirement Systems of Michigan, a public
corporation created pursuant to the Michigan Employees Retire-
ment Act, MCL 38.1501 *et seq.*, to administer a government
pension plan, claimed exemption from property taxes assessed on
parcels it owns in Delta Charter Township. The Delta Township
Board of Review rejected the claim that the parcels were being
used to carry out a public purpose and were exempt from taxation
pursuant to MCL 211.7m. On appeal by petitioner property owner,
the Michigan Tax Tribunal concluded that real property owned for
investment purposes is taxable even if the future proceeds from
the investment are to further an exempt purpose. The petitioner
appealed.

The Court of Appeals *held*:

The petitioner claimed exemption from property taxes under
the statutory requirement that all the assets of the retirement
system are to be held and invested for the sole purpose of meeting
disbursements authorized by the Municipal Employees Retire-
ment Act and are to be used for no other purpose. MCL 38.1539(2).
The only proper uses of assets under the act are to hold and invest
them. The act of holding real property assets, ready for liquidation
to meet the petitioner's statutorily mandated disbursement re-
quirements, is a present use, not an indefinite prospective use. The
property is exempt from taxation under MCL 211.7m because it is
land used for a public purpose.

Reversed and remanded.

PUBLIC CORPORATIONS — MUNICIPAL EMPLOYEES RETIREMENT ACT — ASSETS —
REAL ESTATE — AD VALOREM TAX EXEMPTION.

The act of holding real property assets by a retirement fund created
under the Municipal Employees Retirement Act, such assets being
ready for liquidation to meet the retirement fund's statutorily
mandated disbursement requirements, is a present use, not an
indefinite prospective use; property so held is exempt from ad

valorem taxation because the land is used for a public purpose
(MCL 38.1536[10], 38.1539[2], 211.7m).

*Loomis, Ewert, Parsley, Davis & Gotting, P.C.* (by
*Kenneth W. Beall* and *Michael C. Rampe*), for the
petitioner.

*Thrun Law Firm, P.C.* (by *Gordon W. Van Wieren, Jr.,
Michael D. Gresens,* and *Matthew D. Drake*), for the
respondent.

Before: MURPHY, P.J., and WHITE and SMOLENSKI, JJ.

PER CURIAM. Petitioner is a Michigan public corpora-
tion created pursuant to the Municipal Employees
Retirement Act (MERA), MCL 38.1501 *et seq.*, for the
purpose of administering a governmental pension plan
and related benefits to employees of participating gov-
ernmental agencies. It purchased three contiguous par-
cels of vacant commercial property as an investment.
After receiving notices of assessments concerning the
2004 assessed values of the property, petitioner pro-
tested to the Delta Township Board of Review. Peti-
tioner challenged the valuation and claimed that the
parcels were exempt from ad valorem taxation pursuant
to MCL 211.7m because the parcels were being "used to
carry out a public purpose" in that they were part of a
diversified portfolio that benefited public employees.
The board of review lowered the assessed values, but
rejected the claim of exemption. Petitioner appealed the
denial of the exemption to the Tax Tribunal, which
concluded that real property owned for investment
purposes is taxable even if the proceeds from the
investment further an exempt purpose. Petitioner now
appeals as of right. We reverse and remand. This case is
being decided without oral argument pursuant to MCR
7.214(E).

MCL 211.7m states:

> Property owned by, or being acquired pursuant to, an installment purchase agreement by a county, township, city, village, or school district used for public purposes and property owned or being acquired by an agency, authority, instrumentality, nonprofit corporation, commission, or other separate legal entity comprised solely of, or which is wholly owned by, or whose members consist solely of a political subdivision, a combination of political subdivisions, or a combination of political subdivisions and the state and is used to carry out a public purpose itself or on behalf of a political subdivision or a combination is exempt from taxation under this act. . . .

There is no dispute that petitioner falls within the category of "an agency, authority, instrumentality, nonprofit corporation, commission, or other separate legal entity comprised solely of, or which is wholly owned by, or whose members consist solely of a political subdivision, a combination of political subdivisions, or a combination of political subdivisions and the state . . . ." The dispositive issue is whether the property "is used to carry out a public purpose . . . ."

We review our Supreme Court's decision in *Traverse City v East Bay Twp,* 190 Mich 327; 157 NW 85 (1916), to determine the meaning of "used" in the context of this statute. In *Traverse City,* the Supreme Court interpreted a predecessor version of MCL 211.7m, 1 Comp Laws 1915, § 4001, that pertained to property "used for public purposes." The land at issue was undeveloped and was held by the city as a prospective site for future generation of electrical power. The Court reasoned:

> Can it be said in any proper sense, and within the meaning of the language of the statute, that these lands belonging to the plaintiff in the defendant township are "used for public purposes?"

> The evidence above set forth distinctively negatives this proposition. *The lands not only are not used for any public purpose, but they are not used for any purpose.* They lie in a state of nature and no attempt has, to the present time, been made to utilize them for the development of power, which is the only use of value that can be made of them. [*Id.* at 330-331 (emphasis added).]

The Court clarified that "the use which warrants exemption mentioned in the statute is a present use, and not an indefinite prospective use." *Id.* at 331. Hence, the relevant inquiry is whether petitioner puts the property in question to a present use for a public purpose. If the use is merely "prospective," then it will not be exempt from taxation.

This case presents circumstances distinct from those involved in the cases relied on by the Tax Tribunal, in which a governmental entity holds real property for investment purposes. Here, the vacant properties are held by petitioner, not for ancillary investment purposes, but as part of a diversified investment portfolio pursuant to petitioner's statutory duty to administer funds. MCL 38.1139(2) and 38.1536(10). See *Commonwealth v Dauphin Co*, 354 Pa 556; 47 A2d 807 (1946), and *Pennsylvania Turnpike Comm v Fulton Co*, 195 Pa Super 517, 522; 171 A2d 882, 884 (1961). Under MERA, "[a]ll money and other assets of the retirement system shall be held and invested for the sole purpose of meeting disbursements authorized in accordance with the provisions of this act and shall be used for no other purpose . . . ." MCL 38.1539(2). By the plain language of this statute, petitioner is required to *hold* and *invest* other assets, such as the land in question, for the purpose of meeting its disbursement requirements. Furthermore, the statute specifically states that the assets held or invested "shall be *used* for no other purpose." *Id.* (emphasis added). The phrase "used for

no other purpose" necessarily contemplates that the only proper "uses" for assets under the act, is to hold or invest them. Consequently, the act of holding real property assets in petitioner's portfolio, ready for liquidation to meet its statutorily mandated disbursement requirements, is a present use rather than "an indefinite prospective use." *Traverse City, supra* at 331. Therefore, the land held by petitioner was properly exempt from taxation under MCL 211.7m because it was land used for a public purpose.

Reversed and remanded. We do not retain jurisdiction.