# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 1, 2007

129041

MUNICIPAL EMPLOYEES RETIREMENT
SYSTEMS OF MICHIGAN,
        Petitioner-Appellee,

v

CHARTER TOWNSHIP OF DELTA,
        Respondent-Appellant.
_____/

SC: 129041
COA: 260534
MTT: 00-306773

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

On order of the Court, leave to appeal having been granted and the briefs and oral arguments of the parties having been considered by the Court, we AFFIRM the May 24, 2005 judgment of the Court of Appeals. The Court of Appeals reasoned that the vacant properties were held by Municipal Employees Retirement Systems of Michigan, "not for ancillary investment purposes, but as part of a diversified investment portfolio pursuant to [its] statutory duty to administer funds" under MCL 38.1139(2) and 38.1536(10). It further noted:

> Under [the Municipal Employees Retirement Act, MCL 38.1501 *et seq.,*] "[a]ll money and other assets of the retirement system shall be held and invested for the sole purpose of meeting disbursements authorized in accordance with the provisions of this act and shall be used for no other purpose . . . ." MCL 38.1539(2). By the plain language of this statute, petitioner is required to *hold* and *invest* other assets, such as the land in question, for the purpose of meeting its disbursement requirements. Furthermore, the statute specifically states that the assets held or invested "shall be *used* for no other purpose." *Id.* (emphasis added). The phrase "used for no other purpose" necessarily contemplates that the only proper "uses" for assets under the act, is to hold or invest them. Consequently, the act of holding real property assets in petitioner's portfolio, ready for liquidation to meet its statutorily mandated disbursement requirements, is a present use rather than "an indefinite prospective use." [*Traverse City v East Bay Twp,* 190 Mich 327, 331; 157 NW 85 (1916).] Therefore, the land held by petitioner was properly exempt from taxation under MCL 211.7m because it was land used for a public purpose.

We emphasize that the Municipal Employees Retirement Systems of Michigan was *statutorily required* to *hold* and *invest* assets. We further note that if the Municipal Employees Retirement Systems of Michigan is unable to meet pension disbursements, municipalities themselves must produce these funds. The Municipal Employees Retirement Systems of Michigan's acquisition of land in Delta Township carries out the public purpose of the retirement system by diversifying the portfolio and investing in a way that is not subject to the vicissitudes of the stock or bond market, but instead disseminates the risk. For the reasons stated by the Court of Appeals, and the additional reasons stated here, the property at issue is exempt from ad valorem taxation under MCL 211.7m of the General Property Tax Act.

MARKMAN, J., dissents and states as follows:

Petitioner is a public entity that administers a pension system for public employees. It owns vacant property for investment purposes and claims that this property is exempt from property taxes under MCL 211.7m because such property is being "used to carry out a public purpose." The Tax Tribunal concluded that the property was not tax-exempt because the passive ownership of property for investment purposes does not constitute a present public use. The Court of Appeals reversed, 266 Mich App 510, 514 (2005), and this Court granted respondent's application for leave to appeal. 474 Mich 1053 (2006). The majority now affirms the Court of Appeals that the property is tax-exempt. I respectfully dissent.

MCL 211.7m provides:

> Property owned by, or being acquired pursuant to, an installment purchase agreement by a county, township, city, village, or school district used for public purposes and property owned or being acquired by an agency, authority, instrumentality, nonprofit corporation, commission, or other separate legal entity comprised solely of, or which is wholly owned by, or whose members consist solely of a political subdivision, a combination of political subdivisions, or a combination of political subdivisions and the state and is *used to carry out a public purpose* itself or on behalf of a political subdivision or a combination is exempt from taxation under this act. . . [Emphasis added.]

The issue here is whether petitioner's property is being "used to carry out a public purpose."

In *Traverse City v East Bay Twp*, 190 Mich 327, 331 (1916), this Court held that "the use which warrants exemption mentioned in the statute is a *present use*, and not an indefinite prospective use." (Emphasis added.) In that case, the city was holding vacant land for the purpose of possible future development of an additional power plant. It was

undisputed that an additional power plant was not needed at the time and that nothing at all had been done to develop the property. We held that "[t]he lands not only are not used for any public purpose, but they are not used for any purpose. They lie in a state of nature and no attempt has, to the present time, been made to utilize them for the development of power, which is the only use of value that can be made of them." *Id.* at 330-331.

Much more recently, in *City of Mt Pleasant v State Tax Comm,* 477 Mich 50, 51 (2007), this Court held that "[b]ecause the city of Mt. Pleasant used the property at issue for public purposes when it acquired and improved the land for resale for economic development, . . . the property was exempt from taxation under MCL 211.7m." In that case, the city purchased property with the intention of reselling it to developers. During the time the city owned the property, it prepared the property for development by installing such things as water lines, sewer lines, curbs, gutters, and roads. In determining whether the property was used for a public purpose, the court "consider[ed] what steps the city ha[d] taken to move from merely holding the land to actually using it for a public purpose." *Id.* at 56.

In the instant case, petitioner acquired the property with the hope of selling it at a profit at some future time. Assuming that earning such a profit for its members serves a "public" purpose, the property is still not being "used" for a public purpose at the present time. Indeed, it is not being used for any purpose at this time. It is simply vacant and unused property. As Justice Cooley noted, "Land not needed for municipal uses but held for speculative increase in value is, of course, not used for a public purpose." 2 Cooley, Taxation (4th ed), § 638, p 1338. "[P]roperty of a municipal corporation which is not devoted to any public or municipal use but is merely held for its value as property or for the income to be derived therefrom is taxable by any other body politic having jurisdiction thereof." 71 Am Jur 2d, State and Local Taxation, § 281, p 562. It is the *property* that must be "used" for a public purpose, not the *proceeds* from the property.

As with the property in *Traverse City,* and, unlike the property in *Mt Pleasant,* nothing at all has been done to develop the property at issue here. That is, the city has not taken any steps "to move from merely holding the land to actually using it for a public purpose." *Mt Pleasant, supra* at 56.

The Court of Appeals held:

This case presents circumstances distinct from those involved in the cases relied on by the Tax Tribunal, where a governmental entity holds real property for investment purposes. Here, the vacant properties are held by petitioner not for ancillary investment purposes, but as part of a diversified investment portfolio pursuant to petitioner's statutory duty to administer funds. . . . [P]etitioner is [statutorily] required to *hold* and *invest* . . . assets,

such as the land in question, for the purpose of meeting its disbursement requirements. . . . Consequently, the act of holding real property assets in petitioner's portfolio, ready for liquidation to meet its statutorily mandated disbursement requirements, is a present use rather than "an indefinite prospective use." [266 Mich App at 513-514 (emphasis in original).]

The majority adopts this reasoning, and I respectfully disagree. "Had the Legislature intended to provide a blanket exemption for all land owned by entities such as plaintiff, it clearly would have done so. However, it chose to exempt only that land 'used to carry out a public purpose.'" *Rochester Hills Pub Library v Rochester Hills*, unpublished opinion per curiam of the Court of Appeals, issued October 3, 1997 (Docket No. 196077), slip op at 2. Merely because petitioner is required to hold onto assets for investment purposes does not mean that petitioner is entitled to a tax exemption when it does so. By adopting the Court of Appeals reasoning, the majority has created a tax exemption for a category of public entities that simply has no basis in the text of the statute. The statute exempts property from taxation that is "*used* to carry out a public purpose." MCL 211.7m. It does not exempt *all* property owned by a public entity that has a statutory duty to hold onto assets for investment purposes. Under the clear language of the statute, such property would *only* be exempt from taxation if it were "*used* to carry out a public purpose." The proper question under MCL 211.7m is not whether the property is *owned* by a public entity, or whether a public entity has the *authority* to hold such property for investment purposes, or even whether the ownership of the property is "*useful*" to, or serves, some public purpose. Rather, the proper question is simply whether the property is currently being "*used*" to carry out a public purpose. Because the property here is not currently being used at all, it is not being used to carry out a public purpose, and, thus, is not tax-exempt under MCL 211.7m.

Under the majority's analysis, it is difficult to comprehend what property owned by a public entity would *ever* be subject to taxation by virtue of *not* being "used" to carry out a public purpose. Even accepting the novel categorization of public entities formulated by the majority, how could it not be said that *any* public entity investing in land — whether or not that was its exclusive mission — was "using" the land by virtue of its investment value. By nullifying the concept of non-"use," the majority consumes the rule — that public lands are equally taxable as private lands — with the exception — that public lands are tax-exempt only when being "used to carry out a public purpose." As a result of this order, there is no rule left, only the exception.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 1, 2007

*Corbin R. Davis*
_____
Clerk

t0523